1
2
3
4
5
6

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

7
8

DONALD CARLSON, individually and on behalf
of all others similarly situated,

NO.

9

Plaintiff,

**CLASS AND COLLECTIVE ACTION
COMPLAINT**

10

v.

11
12

UNITED NATURAL FOODS, INC. &
SUPERVALU, INC.,

**JURY TRIAL DEMANDED**

13

Defendants.

14
15

Plaintiff Donald Carlson, through his undersigned counsel, individually and on behalf all

16 others similarly situated, hereby files this Class and Collective Action Complaint against

17 Defendants United Natural Foods, Inc. ("UNFI") and SuperValu, Inc. ("SuperValu") (together,

18 "Defendants"). The following allegations are based on personal knowledge as to Plaintiff's

19 own conduct and on information and belief as to the acts of others.

20 <u>PRELIMINARY STATEMENT</u>

21    1.    This is an action brought pursuant to the Fair Labor Standards Act of 1938, §§

22 201, *et seq*. ("FLSA") and Washington state law seeking payment of back wages, including

23 overtime compensation. Plaintiff, individually and on behalf of the Classes, defined below,

24 also seeks liquidated damages, attorneys' fees and costs, and all other relief the Court deems

25 proper.

26
27

CLASS AND COLLECTIVE ACTION COMPLAINT - 1

2.      Plaintiff alleges that he and other similarly situated employees were knowingly and improperly classified as exempt employees, and, as a result, did not receive overtime pay for hours worked in excess of forty (40) in a workweek.

## JURISDICTION AND VENUE

3.      This action arises under the FLSA, 29 U.S.C. §§ 201-219. As a federal law claim, the Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

4.      This Court has supplemental jurisdiction over Plaintiff's Washington state law claims under 28 U.S.C. § 1367 because the state law claims share a common nucleus of operative facts with the federal law claim.

5.      Venue is proper in the Western District of Washington under 28 U.S.C. § 1391 because Defendants maintain offices in this judicial district and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

6.      Plaintiff is an individual who resides in McKenna, Washington. Plaintiff has been employed by Defendants since approximately September 2010. In accordance with 29 U.S.C. § 216(b), Plaintiff has consented to be a plaintiff in this action. *See* Exhibit A.

7.      Defendant SuperValu is a registred Delaware corporation with its corporate headquarters located at 11840 Valley View Rd, Eden Prairie, Minnesota 55344. Defendant SuperValu is registered to conduct business in Washington, and maintains its Registered Agent at 711 Capitol Way S, Suite 204, Olympia, Washington 98501.

8.      Defendant UNFI is a registered Delaware corporation and is headquartered at UNFI's corporate office located at 313 Iron Horse Way, Providence, Rhode Island 02908. Defendant maintains distribution centers across Washington, is registered to conduct business in Washington, and maintains its Registered Agent at 711 Capitol Way S, Suite 204, Olympia, Washington 98501.

CLASS AND COLLECTIVE ACTION COMPLAINT - 2

1     9.     In or around October 2018, Defendant UNFI completed an acquisition of

2  Defendant SuperValu, which then became a wholly-owned subsidiary of UNFI.

3     10.    Defendant SuperValu employed Plaintiff from September 2010 to

4  approximately October 2018 in its International Division. Since its acquisition of SuperValu,

5  Defendant UNFI has employed Plaintiff.

6     11.    During his employment with SuperValu, Plaintiff worked out of SuperValu's

7  Tacoma, Washington office. After UNFI acquired SuperValu, UNFI transferred Plaintiff to

8  UNFI's distribution site in Centralia, Washington, where he works as of the filing of this

9  complaint.

10    12.    Throughout his employment, Plaintiff has routinely performed non-exempt

11 Warehouse Logistics and Coordination Activities (i.e., coordinating the loading and unloading

12 of food containers; assisting with the logistics of transporting goods to the domestic

13 distribution centers; facilitating customer returns; and completing inventory and logistics-

14 related paperwork and data entry).

15    13.    At all times material to this action, Defendants have employed individuals

16 engaged in commerce or in the production of goods for commerce and/or handling, selling, or

17 otherwise working on goods or materials that have been moved in or produced in commerce

18 by any person, as defined by the FLSA, 29 U.S.C. §§ 206-207.

19    14.    Defendants' annual gross volume of sales made or business done exceeds

20 $500,000.

21    15.    Defendants are not independently owned and controlled local enterprises

22 within the meaning of 29 U.S.C. § 207(b)(3).

23                    **COLLECTIVE AND CLASS DEFINITIONS**

24    16.    Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action

25 on behalf of himself and the following collective of potential FLSA opt-in litigants:

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

> All current or former employees of SuperValu or UNFI in the United States who performed Warehouse Logistics and Coordination Activities and who did not receive overtime compensation when they worked more than forty (40) hours per week within the past three years (the "FLSA Collective").

17.     Plaintiff also brings this lawsuit for Counts II to V as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and the following class:

> All current or former logistics and operations employees of SuperValu or UNFI in Washington state who performed Warehouse Logistics and Coordination Activities and who did not receive overtime compensation between May 21, 2016 and the present (the "Washington Class").

18.     The FLSA Collective and the Washington Class are together referred to as the "Classes."

19.     Plaintiff reserves the right to re-define the Classes prior to notice or class certification, and thereafter, as necessary.

**FACTUAL ALLEGATIONS**

20.     SuperValu is a food wholesaler and retailer that supplies its own grocery store brands as well as those of other food retailers, including by importing food from outside the United States.

21.     UNFI is a wholesale food and meat distributor of bulk foods and products for the grocery stores within its chain. UNFI delivers products to customer locations throughout North America including natural product superstores, independent retailers, conventional supermarket chains, ecommerce retailers, and food service customers. *See* About Us, https://www.supervalu.com/about.html (last visited May 7, 2020).

22.     On or about October 22, 2018, UNFI acquired Supervalu for "approximately $2.9 billion, including the assumption of outstanding debt and liabilities." *See* UNFI Completes Transformative Acquisition of SUPERVALU, dated October 22, 2018, *available at*

CLASS AND COLLECTIVE ACTION COMPLAINT - 4

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  https://ir.unfi.com/news/press-release-details/2018/UNFI-Completes-Transformative-

2  Acquisition-Of-SUPERVALU/default.aspx (last visited May 7, 2020).

3      23.    UNFI and SuperValu operate as joint employers, with SuperValu operating as a

4  wholly owned subsidiary of UNFI.

5      24.    Combined with SuperValu, UNFI is the largest publicly-traded grocery

6  distributor in America with expected annual sales of over $21 billion. *See* About Us,

7  https://www.supervalu.com/about.html (last visited May 7, 2020).

8      25.    SuperValu hired Plaintiff as a Warehouse Coordinator in September 2010.

9      26.    Since September 2010, Plaintiff has held several job titles, including, *inter alia*,

10  Warehouse Coordinator, Operations Coordinator -SVI, and Account Coordinator – Int'l.

11      27.    Irrespective of the job title he held, Plaintiff's job duties included Warehouse

12  Logistics and Coordination Activities (i.e., coordinating the loading and unloading of food

13  containers; assisting with the logistics of transporting goods to the domestic distribution

14  centers; facilitating customer returns; and completing inventory and logistics-related

15  paperwork and data entry).

16      28.    At no time during the relevant period did Plaintiff have subordinate employees

17  who reported to him or the power to hire or fire anyone.

18      29.    Before December 2019, Plaintiff worked in Tacoma, Washington at the

19  SuperValu office for international distribution.

20      30.    Plaintiff's regular work schedule was Monday through Friday, 3:00 a.m. to 1:00

21  p.m., with an hour or two of additional work from home each day, for a total of 50-60 hours

22  per week. With the exception of weeks in which he took vacation days, Plaintiff is unable to

23  recall a single workweek in which he did not work more than 40 hours.

24      31.    Before February 2020, Defendants classified him as an exempt employee and

25  did not pay him overtime wages.

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

32.     Until approximately February 9, 2020, Plaintiff was paid an annual salary, starting at $38,430.

33.     Before the acquisition, SuperValu had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged in this complaint.

34.     After the acquisition, UNFI had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged in this complaint.

35.     On February 7, 2020, UNFI informed Plaintiff that, as part of a broader "Position Alignment," he was being classified as a non-exempt employee. Plaintiff's job duties remained the same after the reclassification. Upon information and belief, Defendants provided substantially similar letters to members of the Classes when they were reclassified.

36.     Under the policy and practice of considering employees similar to Plaintiff as exempt, SuperValu and subsequently UNFI, failed to pay overtime wages to Plaintiff and the Class Members until at least February 9, 2020.

37.     As a leading wholesaler and publicly traded company with access to human resources, Defendants had no reasonable basis to believe that Plaintiff and the Classes were exempt from the requirements of the FLSA and state laws. Rather, Defendants either knew or acted with reckless disregard of clearly applicable wage and hour provisions in failing to pay overtime to Plaintiff and the Class Members prior to February 9, 2020. Accordingly, Defendants operated a willful scheme to deprive Plaintiff and the Classes of overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiff brings Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

39.     Plaintiff desires to pursue his FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

CLASS AND COLLECTIVE ACTION COMPLAINT - 6

40.     Many individuals are similarly situated to Plaintiff because they have worked during the relevant period performing Warehouse Logistics and Coordination Activities for Defendants between May 2017 and February 2020.

41.     Like Plaintiff, the primary job duties of the FLSA Collective Members involved only non-exempt work consisting of, *inter alia*, coordinating the loading and unloading of food containers; assisting with the logistics of transporting goods to the domestic distribution centers; facilitating with customer returns; and completing inventory and logistics-related paperwork and data entry.

42.     Like Plaintiff, the FLSA Collective Members regularly worked more than 40 hours per week within the applicable statutory period but failed to receive any overtime compensation.

43.     Defendants classified Plaintiff and each of the FLSA Collective Members as exempt from wage and hours laws; paid them a fixed salary; and did not pay them overtime compensation.

44.     Defendants did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff or the FLSA Collective Members.

45.     Defendants knew that Plaintiff and the FLSA Collective Members were working overtime hours because Defendants required Plaintiff and the FLSA Collective Members to work overtime hours and were present during those hours.

46.     In sum, Plaintiff and the FLSA Collective Members are similarly situated in that they had substantially similar job duties and were subject to Defendants' common policies, patterns, and practices, including failing to keep time records and classifying them as exempt employees, before February 9, 2020.

47.     The FLSA requires non-exempt hourly employees to be compensated at a rate of one and one-half (1 ½) times the regular hourly rate for all hours worked over 40 in a week.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

48.     Defendants misclassified Plaintiff and FLSA Collective Members as exempt from the overtime requirements of the FLSA and failed to provide them overtime compensation for hours worked in excess of 40 a week.

49.     The similarly situated employees are known to Defendants, are readily identifiable, and can easily be located through Defendants' business and human resources records.

50.     Defendants employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of this action through electronic mail, U.S. Mail, and/or other means, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

**CLASS ACTION ALLEGATIONS**

51.     Plaintiff brings Counts II-V of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the Washington Class defined above.

52.     Like Plaintiff, the primary job duties of the Washington Class Members involved only non-exempt work consisting of Warehouse Logistics and Coordination Activities including coordinating the loading and unloading of food containers; assisting with the logistics of transporting goods to the domestic distribution centers; facilitating with customer returns; and completing inventory and logistics-related paperwork and data entry.

53.     Like Plaintiff, the Washington Class Members regularly worked more than 40 hours per week within the applicable statutory period but failed to receive any overtime compensation.

54.     Defendants did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff or the Washington Class Members.

CLASS AND COLLECTIVE ACTION COMPLAINT - 8

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

55.     Defendants knew that Plaintiff and the Washington Class Members were working overtime hours because Defendants required Plaintiff and the Washington Class Members to work overtime hours and were present during those hours.

56.     The members of the Washington Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Washington Class.

57.     Plaintiff will fairly and adequately represent and protect the interests of the Washington Class because there is no conflict between the claims of Plaintiff and those of the Washington Class, and Plaintiff's claims are typical of the claims of the Washington Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

58.     There are questions of law and fact common to the proposed Washington Class, which predominate over any questions affecting only individual Class Members, including, without limitation, whether Defendants have violated Washington law through their policy or practice of not paying their non-exempt employees overtime compensation.

59.     Plaintiff's claims are typical of the claims of the Washington Class Members in the following ways, without limitation: (a) Plaintiff is a member of the Washington Class; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Washington Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Washington Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Washington Class Members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Washington Class Members.

60.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Washington Class predominate over any questions affecting only individual Class Members.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

61. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Washington Class Members are readily identifiable from Defendants' own records. Prosecution of separate actions by individual members of the Washington Class would create the risk of inconsistent or varying adjudications with respect to individual Washington Class Members that would establish incompatible standards of conduct for Defendants.

62. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Washington Class Members, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

63. Without a class action, Defendants will retain the benefit of their wrongdoing, which will result in further damages to Plaintiff and the Washington Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
### FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (on behalf of Plaintiff and the FLSA Collective Class)

64. Plaintiff restates and incorporates by reference the above paragraphs.

65. Under 29 U.S.C. § 216(b), Plaintiff brings this count on behalf of himself and the FLSA Collective.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

66.     Because they were hired, paid, and had their work controlled by Defendants, Plaintiff and members of the FLSA Collective Class each qualifies as an "employee" under 29 U.S.C. § 203(e)(1).

67.     Based on their business operations in food distribution, Defendants are each an "employer" engaged in interstate commerce under 29 U.S.C. § 203(d).

68.     At all relevant times, as part of Defendants' business operations, Plaintiff and members of the FLSA Collective were engaged in commerce or the production of goods for commerce under 29 U.S.C. § 207(a).

69.     29 U.S.C. § 207 requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over 40 hours per workweek.

70.     As employers of Plaintiff and the FLSA Collective, Defendants suffered and permitted Plaintiff and members of the FLSA Collective to work more than 40 hours per workweek within the statutory period without paying them overtime compensation.

71.     Defendants' actions, policies, and practices described above violated the FLSA's overtime requirement because Defendants regularly and repeatedly failed to pay required overtime compensation to Plaintiffs and members of the FLSA Collective Class.

72.     By failing to accurately record, report, or preserve records of hours worked by Plaintiffs and members of the FLSA Collective, Defendants failed to make, keep, and preserve records about each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 211(c).

73.     The foregoing conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices violated these laws.

74.     As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and members of the FLSA Collective have suffered damages. Plaintiff and the FLSA Collective

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  are entitled to recover actual damages, liquidated damages, prejudgment interest, attorneys'

2  fees, and costs under 29 U.S.C. § 216(b).

3      75.    Defendants are liable under the FLSA for failing to properly compensate

4  Plaintiff and members of the FLSA Collective. As a result, notice should be sent to the FLSA

5  Collective. There are many similarly situated current and former employees of Defendants

6  who have suffered from Defendants' practice of denying overtime pay and who would benefit

7  from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those

8  similarly situated employees are known to Defendants and are readily identifiable through

9  Defendants' records.

**COUNT II**
**WASHINGTON MINIMUM WAGE ACT**
**FAILURE TO PAY OVERTIME**
**(on behalf of Plaintiff and the Washington Class)**

13     76.    Plaintiff restates and incorporates by reference the above paragraphs.

14     77.    Plaintiff and the Washington Class Members were at all relevant times

15  employees under RCW 49.46.010(3).

16     78.    RCW 49.46.130 requires employers to pay employees one and one-half times

17  the regular rate at which they are employed for all hours worked over 40 per workweek.

18     79.    RCW 49.46.090 makes employers who violate RCW 49.46.130 liable to the

19  affected employees in the amount of unpaid wages, costs, attorneys' fees, and other

20  appropriate relief under the law.

21     80.    Defendants' actions, policies, and practices as described above violated RCW

22  49.46.130 because Defendants regularly and repeatedly failed to compensate Plaintiff and the

23  Washington Class at the required overtime rate.

24     81.    By failing to accurately record, report, or preserve records of hours worked by

25  Plaintiff and the Washington Class, Defendants have failed to make, keep, and preserve

26  records about each of its employees sufficient to determine their wages, hours, and other

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

conditions and practice of employment, in violation of Washington law. *See* WAC 296-126-050 (requiring "[e]very employer shall keep for at least three years a record of the name, address, and occupation of each employee, dates of employment, rate or rates of pay, amount paid each pay period to each such employee and the hours worked"); WAC 296-128-010(6) (requiring employer to keep records of the "[h]ours worked each workday and total hours worked each week"); WAC 296-128-020 (requiring employers to maintain those records for at least three years).

82.     As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Washington Class have suffered damages. Plaintiff and the Washington Class are entitled to recover actual damages, prejudgment interest, attorneys' fees, and costs.

### COUNT III
**WASHINGTON WAGE REBATE ACT**
**WILLFUL REFUSAL TO PAY WAGES**
**(On Behalf of Plaintiff and the Washington Class)**

83.     Plaintiff restates and incorporates by reference the above paragraphs.

84.     Plaintiff and the Washington Class Members were at all relevant times employees under RCW 49.46.010(3) and RCW 49.52.050.

85.     RCW 49.52.050 provides that any employer or agent of any employer who, "[w]ilfully and with intent to deprive the employee of any party of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

86.     Defendants' violations of RCW 49.46.130, as discussed above, have been willful and thus violate RCW 49.52.050.

87.     RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 is liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

88.     As a result of the willful, wrongful acts of Defendants, Plaintiff and the Washington Class have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.52.070, Plaintiff and the Washington Class are therefore entitled to recover twice such damages as well as attorneys' fees and costs.

**<u>COUNT IV</u>**
**FAILURE TO PROVIDE MEAL AND REST BREAKS AND ENSURE THOSE BREAKS ARE TAKEN**
**(On Behalf of Plaintiff and the Washington Class)**

89.     Plaintiff restates and incorporates by reference the above paragraphs.

90.     RCW 49.12.010 provides:

> The welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect.

91.     RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

92.     Pursuant to RCW 49.12.005(5) and WAC 296-126-002(9), conditions of labor "means and includes the conditions of rest and meal periods" for employees.

93.     WAC 296-126-092 provides:

> (1)     Employees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

> (2)     No employee shall be required to work more than five consecutive hours without a meal period.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(3) Employees working three or more hours longer than a normal work day shall be allowed at least one thirty-minute meal period prior to or during the overtime period.

(4) Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period.

(5) Where the nature of the work allows employees to take intermittent rest periods equivalent to ten minutes for each four hours worked, scheduled rest periods are not required.

94. Defendants implemented a policy and practice of either failing to provide Plaintiff and the Washington Class Members with the meal and rest breaks to which they were entitled, failing to ensure those breaks were taken, failing to record missed breaks, and failing to pay for missed breaks.

95. Because Plaintiff and the Washington Class Members were not provided a meal break, were not relieved of all duties during their meal breaks, and were subject to interruption during their meal breaks, they did not receive continuous meal breaks in accordance with WAC 296-126-092.

96. Because Plaintiff and the Washington Class Members have failed to receive the meal and rest breaks to which they were entitled, Defendants have violated WAC 296-126-092.

97. Because Plaintiff and the Washington Class Members were constantly engaged in work activities during their paid rest breaks in violation of WAC 296-126-092, Plaintiff and the Washington Class Members should be additionally compensated for ten (10) minutes each for each rest break missed. *See Washington State Nurses Ass'n v. Sacred Heart Med. Ctr.*, 175 Wn.2d 822, 287 P.3d 516 (2012).

98. Plaintiff and the Washington Class Members are entitled to recover wages at one and one-half times their regular hourly rate for all time owed by Defendants for missed

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1 rest and meal breaks that, when added to the other hours worked in a week, exceeded 40

2 hours.

3       99.    As a result of these unlawful acts, Plaintiff and the Washington Class have been

4 deprived of compensation in amounts to be determined at trial, and Plaintiff and the

5 Washington Class are entitled to the recovery of such damages, including interest thereon,

6 and attorneys' fees and costs under RCW 49.48.030.

7 **COUNT V**
**VIOLATION OF RCW 19.86**
8 **WASHINGTON CONSUMER PROTECTION ACT**
**(WASHINGTON CLASS ACTION)**
9

10       100.    Plaintiff restates and incorporates by reference the above paragraphs.

11       101.    Defendants engaged in unfair or deceptive acts or practices when they: (1)

12 failed to pay Plaintiff and the Washington Class Members wages overtime compensation; (ii)

13 failed to provide rest and meal breaks to Plaintiff and the Washington Class or ensure such

14 breaks were taken; (iii) failed to pay Plaintiff and the Washington Class for the periods during

15 which their breaks were interrupted; (iv) failed to pay Plaintiff and the Washington Class for

16 overtime worked; and (v) violated WAC 296-126-092.

17       102.    Defendants' unfair or deceptive acts or practices repeatedly occurred in

18 Defendants' business, injured Plaintiff and the Washington Class, and impacted the public

19 interest because they injured other persons and had and have the capacity to injure other

20 persons.

21       103.    As a result of Defendants' unfair and deceptive practices, Plaintiff and the

22 Washington Class are entitled, pursuant to RCW 19.86.090, to recover treble damages,

23 reasonable attorneys' fees, and costs.

24 **PRAYER FOR RELIEF**

25     Plaintiff, on behalf of himself and the Classes, hereby for the following relief:

26       A.    Designation of this action as a collective action on behalf of the FLSA Collective

27 and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1 | individuals informing them of the pendency of this action and permitting them to assert FLSA

2 | claims in this action by filing individual consent forms under 29 U.S.C. § 216(b);

3 |      B.     An order permitting this litigation to proceed as a class action pursuant to Fed.

4 | R. Civ. P. 23 on behalf of the Washington Class;

5 |      C.     Judgment against Defendants in the amount of actual damages suffered by

6 | Plaintiff and the Classes;

7 |      D.     A finding that Defendants' violations of the FLSA were not in good faith and

8 | were willful;

9 |      E.     Liquidated damages for Plaintiff and members of the FLSA Collective under

10 | federal law;

11 |      F.     Exemplary damages for Plaintiff and the Washington Class under Washington

12 | law;

13 |      G.     All reasonable costs and attorneys' fees under 29 U.S.C. § 216, RCW 49.46.090,

14 | RCW 49.52.070, RCW 49.48.030, and any other applicable laws;

15 |      H.     An award of prejudgment interest (to the extent liquidated damages are not

16 | awarded) and postjudgment interest as provided by law;

17 |      I.     All further relief as the Court deems just and equitable.

18 | **<u>DEMAND FOR TRIAL BY JURY</u>**

19 | Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by

20 | jury on all questions of fact raised by the complaint.

21

22

23

24

25

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CLASS AND COLLECTIVE ACTION COMPLAINT - 17

1       RESPECTFULLY SUBMITTED AND DATED this 21st day of May, 2020.

2                       TERRELL MARSHALL LAW GROUP PLLC

3

4                       By: /s/ Toby J. Marshall, WSBA #32726
Toby J. Marshall, WSBA #32726

5                       Email: tmarshall@terrellmarshall.com
936 North 34th Street, Suite 300

6                       Seattle, Washington 98103-8869
Telephone: (206) 816-6603

7                       Facsimile: (206) 319-5450

8

9                       Sarah R. Schalman-Bergen*
Email: sschalman-bergen@bm.net

10                     Camille Fundora Rodriguez*
Email: crodriguez@bm.net

11                     Alexandra K. Piazza*
Email: apiazza@bm.net

12                     BERGER MONTAGUE PC
1818 Market Street, Suite 3600

13                     Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3000

14                     Facsimile: (215) 875-4604

15

16                     *Pro hac vice forthcoming

17                     Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com