The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

DONALD CARLSON,

    Plaintiff,

v.

UNITED NATURAL FOODS, INC. and SUPERVALU, INC.,

    Defendants.

Case No. 3:20-cv-05476-RBL

DEFENDANTS UNITED NATURAL FOODS, INC. AND SUPERVALU INC.'S MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS UNDER RULE 12(b)(6) AND TO STRIKE CLASS ALLEGATIONS UNDER RULES 12(f) AND 23(d)(1)(D)

**HEARING DATE:**
**FRIDAY, JULY 17, 2020**

## I.    INTRODUCTION

In his Complaint, Plaintiff Donald Carlson ("Carlson") asserts a series of individual, class, and collective wage-and-hour claims against Defendants United Natural Foods, Inc. and SUPERVALU INC. (collectively, "Defendants"). He alleges overtime violations under the Fair Labor Standards Act ("FLSA") and Washington Minimum Wage Act ("WMWA"); willful refusals to pay wages under RCW 49.52.050 and 49.52.070; failures to provide legally compliant meal and rest breaks under WAC 296-126-092; and violations of the Washington Consumer Protection Act ("CPA").

Not all these of these claims, however, may survive the pleading stage. Carlson's CPA claims are merely duplicative of the other wage-and-hour claims pled. But Carlson has pled no unfair or deceptive act or practice within the meaning of the CPA, and Washington courts have

DEFENDANTS' MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS - 1
(CASE NO. 3:20-CV-05476-RBL)

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Ave., Suite 3000
Seattle, WA 98104
(206) 946-4910

consistently rejected the argument that the CPA may serve as a secondary enforcement mechanism for wage-and-hour statutes. Carlson's class definition is predicated on the adoption of a four-year statute of limitations across all claims, and it requires individual-by-individual analysis into each potential class member's actual job performance—specifically, whether each individual performed "Warehouse Logistics and Coordination Activities." But the statutes of limitations for Carlson's non-CPA claims extend back only three years, and as this Court recently affirmed in *Cashatt v. Ford Motor Co.*, No. 3:19-cv-05886-RBL, 2020 WL 1987077, at *4 (W.D. Wash. Apr. 27, 2020) (Leighton, J.), a class definition is inadequate—and may be stricken at the pleading stage—when it would entail extensive fact-finding to determine class membership.

For each of the foregoing reasons, which will be discussed in greater detail below, Carlson's individual and class-wide CPA allegations must be dismissed in full under Federal Rule of Civil Procedure 12(b)(6), and his class allegations must be stricken in full under Rules 12(f) and 23(d)(1)(D).[1]

## II. STANDARD OF REVIEW

### A. Motion to Dismiss Under Rule 12(b)(6)

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In meeting this standard, a plaintiff may not rely on "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations

---

[1] For the avoidance of all doubt, Defendants respectfully submit that, to the extent any nonresident individual opts into the putative FLSA collective action in this case, such claims would be subject to dismissal for lack of personal jurisdiction under *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017). Because no nonresident individual has yet opted into the case (and may never), Defendants are presently unable to move for dismissal of such individuals' claims. *See, e.g.*, *Chavira v. OS Restaurant Servs., LLC*, No. 18-cv-10029-ADB, 2019 WL 4769101, at *2 (D. Mass. Sept. 30, 2019) (noting that the personal jurisdiction defense is not available until the plaintiff with respect to whose claims it is asserted has opted into an FLSA collective action). Defendants reserve the right to do so, however, if a nonresident opts into this action.

DEFENDANTS' MEMORANDUM IN SUPPORT OF PARTIAL
MOTION TO DISMISS - 2
CASE NO. 3:20-CV-05476-RBL

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Ave, Suite 3000
Seattle, WA 98104
(206) 946-4910

must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. This plausibility mandate entails "more than labels and conclusions, and a formulaic recitation of the elements will not do." *Id.*

### B. Motion to Strike Under Rules 12(f) and 23(d)(1)(D)

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Similarly, Rule 23(d)(1)(D) provides that a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Striking allegations "avoid[s] the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "[A] court may strike class allegations if the plaintiff '[can]not make a *prima facie* showing of Rule 23's prerequisites or that discovery measures [are] 'likely to produce persuasive information substantiating the class action allegations.'" *Cashatt v. Ford Motor Co.*, No. 3:19-cv-05886-RBL, 2020 WL 1987077, at *4 (W.D. Wash. Apr. 27, 2020) (Leighton, J.) (quoting *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009)). Similarly, a court may strike class allegations when "the complaint demonstrates that a class action cannot be maintained." *Lyons v. Bank of Am., NA*, No. C 11-1232 CW, 2011 WL 6303390, at *7 (N.D. Cal. Dec. 16, 2011).

### III. DISCUSSION

On their face, Carlson's allegations are insufficient to sustain a number of the individual and class claims he asserts. First, his CPA claim must be dismissed under Rule 12(b)(6) because he has not pled facts plausibly suggesting that he—or any putative class member—experienced CPA violations. Second, his Washington class allegations must be stricken under Rules 12(f) and 23(d)(1)(D) because his class definition is facially overbroad and inadequate. Each of these issues will be discussed in the following sections, in turn.

DEFENDANTS' MEMORANDUM IN SUPPORT OF PARTIAL
MOTION TO DISMISS - 3
CASE NO. 3:20-CV-05476-RBL

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Ave, Suite 3000
Seattle, WA 98104
(206) 946-4910

### A. Carlson's Individual and Class-Wide CPA Claims Must Be Dismissed Under Rule 12(b)(6) Because He Has Not Pled Any Plausible CPA Violations

The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. To assert a plausible cause of action under the CPA, an individual must plead that "(1) defendant[] committed an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacted the public interest, (4) causing injury to plaintiff in her business or property, and (5) a causal link exists between the unfair or deceptive act and the injury suffered." *Picu v. Bot*, No. C14-00330RSL, 2014 WL 2452756, at *6 (W.D. Wash. June 2, 2014). With respect to the first element, an "unfair or deceptive act or practice" exists when there is "a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest." *Castillo v. United Rentals, Inc.*, No. C17-1573JLR, 2018 WL 1382597, at *8 (W.D. Wash. Mar. 19, 2018) (quoting *Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 1185 (Wash. 2013)) (internal quotation marks omitted). In this case, Carlson bases his CPA claims upon the same alleged failures to pay overtime and provide meals and rest breaks that underpin his other claims. (Dkt. # 1, at 16 ¶ 101.) Those allegations, however, do not fall within any of the three possible situations in which an "unfair or deceptive act or practice" exists under the CPA.

#### 1. *Carlson Has Not Alleged Any Per Se Violation Within the Meaning of the CPA*

First, Carlson's claim, on its face, does not implicate a per se violation of a statute that could give rise to a CPA claim. To meet this standard, it is not enough for Carlson to merely claim that *any* statute has been violated. *See, e.g.*, *Castillo*, 2018 WL 1382597, at *8. Instead, a viable CPA claim only "exists when a statute which has been declared by the Legislature to constitute an unfair or deceptive act in trade or commerce has been violated." *Id.* (quoting *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (Wash. 1986)) (internal quotation marks omitted); *accord Smart v. Emerald City Recovery, LLC*, No. C18-0448-JCC, 2018 WL

DEFENDANTS' MEMORANDUM IN SUPPORT OF PARTIAL
MOTION TO DISMISS - 4
CASE NO. 3:20-CV-05476-RBL

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Ave, Suite 3000
Seattle, WA 98104
(206) 946-4910

3569873, at *4 (W.D. Wash. July 25, 2018) (finding no viable CPA claim based upon an alleged violation of a statute, when the legislature had not provided "that a violation of the section constitutes an unfair or deceptive act in trade or commerce"); *Hall v. JP Morgan Chase Bank*, 196 Wash. App. 1036 (Ct. App. 2016) ("[A] per se CPA violation requires an express statutory provision identifying a per se violation. [Plaintiff] cites no statute declaring a per se CPA violation. . . . Therefore, [plaintiff]'s argument fails."). "[T]he Legislature, not [a] court, is the appropriate body to . . . declar[e] a statutory violation to be a per se unfair trade practice." *Hangman*, 719 P.2d at 536.

None of the wage-and-hour statutes at issue here include a legislative designation that a violation would constitute an unfair or deceptive practice under the CPA. *See Castillo*, 2018 WL 1382597, at *8 (holding that alleged overtime, minimum wage, rest period, and meal period claims could not constitute *per se* violations because the legislature had not expressly designated violations of the governing statutes as unfair practices under the CPA). Accordingly, Carlson cannot sustain his individual and class CPA claims on this ground.

### 2. *Carlson Has Not Alleged an Act or Practice that Had the Capacity to Deceive Substantial Portions of the Public*

Carlson has similarly not alleged any act or practice that had the capacity to deceive substantial portions of the public. His allegations are simply that Defendants failed to comply with the cited wage and hour statutes for a limited class of its employees. But such allegations, without more, are insufficient to state a viable CPA claim for two independent reasons. First, "the CPA does not impose a requirement that wages be paid in conformity with Washington law or provide a secondary enforcement mechanism for the wage and hour regulations." *Aziz v. Knight Transp.*, No. 2:12-cv-00904RSL, 2012 WL 3596370, at *2 (W.D. Wash. Aug. 21, 2012); *accord Picu*, 2014 WL 2452756, at *6. "To fall within th[e second] category [of unfair or deceptive acts or practices], the plaintiff must allege more than 'merely the failure to comply with Washington's wage laws, but rather the payment of wages at rates below what defendant represented to plaintiff and the

DEFENDANTS' MEMORANDUM IN SUPPORT OF PARTIAL
MOTION TO DISMISS - 5
CASE NO. 3:20-CV-05476-RBL

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Ave, Suite 3000
Seattle, WA  98104
(206) 946-4910

general public.'" *Castillo*, 2018 WL 1382597, at *8 (quoting *Aziz*, 2012 WL 3596370, at *2). Accordingly, Carlson's reliance on the fact of alleged wage-and-hour violations alone to support his CPA claim is, in fact, dispositive of that claim. He has made no allegation that Defendants paid him (or any other class member) wages in any manner inconsistent with what it represented. In fact, he has not pled any facts concerning what representations, if any, Defendants made, let alone how such representations were false and misleading. *See, e.g., id.* (finding a failure to plead such facts dispositive of a wage-and-hour-based CPA claim).

Second, "[t]o the extent plaintiff is alleging that defendant failed to pay its employees . . . as required by the wage laws . . . , those acts affect only the individuals employed by defendant . . . and are not likely to deceive a substantial portion of the public." *Aziz*, 2012 WL 3596370, at *2. Carlson has failed to plead any facts demonstrating how any alleged representation had the capacity to deceive substantial portions of the public, and his ability to do so is substantially undermined by his estimate elsewhere of approximately 40 class members, all of whom were allegedly employees of Defendants. *See, e.g.*, *id.* (dismissing a CPA claim where the only individuals impacted were "between 50 and 295" employees).

For these reasons, Carlson has not adequately pled an unfair or deceptive act or practice on the second ground.

    **3.**    ***Carlson Has Not Pled Any Unfair or Deceptive Act or Practice that Is Not Regulated by Statute but Is in Violation of Public Interest***

The final circumstances in which an act qualifies as an "unfair or deceptive act or practice" under the CPA is when it is "not regulated by statute but in violation of public interest." *Klem*, 295 P.3d at 1187. That ground is inapplicable here, however, because every practice challenged by Carlson in his CPA claim—namely, the alleged failures to pay overtime and provide uninterrupted meal and rest breaks—is regulated by statute. *See*, *e.g.*, *Castillo*, 2018 WL 1382597, at *8 (noting that CPA claims related to meal and rest break violations "plainly cannot fall within a category of practices 'not regulated by statute'"). Indeed, the applicable governing statutes are cited

DEFENDANTS' MEMORANDUM IN SUPPORT OF PARTIAL
MOTION TO DISMISS - 6
CASE NO. 3:20-CV-05476-RBL

throughout Carlson's Complaint. (*E.g.*, Dkt. # 1, at 7, 11–15 ¶¶ 47, 69, 78–79, 87, 90–93, 95.) Accordingly, Carlson's allegations cannot survive on this final ground.

### 4. *Conclusion as to the CPA Claim*

For the reasons detailed above, Carlson has not pled any basis upon which the Court could find that an unfair or deceptive act or practice occurred, and therefore, that plausible individual or class-wide CPA claims exist. He has not pled facts indicating that he or any other individual experienced a per se violation of any statute for which the legislature has determined that a violation constitutes an unfair or deceptive act.  He has not alleged any act or practice of Defendants that had the capacity to deceive substantial portions of the public.  And he has not pled any act or practice that was not regulated by statute, but was in violation of public interest.  Because Carlson has failed to plead the essential element for viable individual and class-wide CPA claims—an unfair or deceptive act or practice that actually violates the CPA—those claims must be dismissed under Rule 12(b)(6).

### B. Carlson's Class Allegations Should Be Stricken Under Rules 12(f) and 23(d)(1)(D) Because His Class Definition Is Overbroad and Inadequate.

While Carlson's CPA class claims must be dismissed for the reasons outlined in the preceding section, his class allegations as to all state law claims must be stricken under rules 12(f) and 23(d)(1)(D) due to his failure to plead an adequate class definition. In *Cashatt v. Ford Motor Co.*, this Court recently identified a number of circumstances in which class action allegations may be stricken at the pleading stage. No. 3:19-cv-05886-RBL, 2020 WL 1987077, at *4 (W.D. Wash. Apr. 27, 2020) (Leighton, J.). First, "a class definition may be overbroad if it includes individuals who sustained no injury and therefore lack standing to sue." *Id.*; *accord Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1152 (N.D. Cal. 2010) (striking class allegations where a definition encompassed "all persons who have merely 'used' a Sleep Number bed in the past twenty-three years," because many such individuals "ha[d] no injury and no standing to sue"). To

DEFENDANTS' MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS - 7
CASE NO. 3:20-CV-05476-RBL

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Ave, Suite 3000
Seattle, WA  98104
(206) 946-4910

that end, if a class definition makes clear that "a class action cannot be maintained" under its current formulation, if should be stricken. *Lyons*, 2011 WL 6303390, at *7. Second, "a class definition is likely inadequate if it requires extensive fact-finding just to identify members"—a consideration enmeshed with issues of commonality and predominance. *Cashatt*, 2020 WL 1987077, at *4. Carlson's state class definition implicates each of these circumstances.

Carlson's class definition is facially overbroad because it encompasses claims that cannot be sustained and individuals who, because their claims fall outside the applicable limitations periods, have no standing to assert valid claims in this action. Indeed, the class definition expressly extends back to May 21, 2016—four years prior to the filing of Carlson's Complaint. (Dkt. # 1, at 4 ¶ 17.) However, three-year statutes of limitations apply to the class claims for the alleged failures to provide overtime pay under the WMWA (Count II); wages under RCW 49.52.050 and 49.52.070 (Count III); and legally compliant meal and rest breaks under WAC 296-126-092 (Count IV). *See, e.g., Smith v. K-Mart Corp.*, No. CS-95-0248-RHW, 1995 WL 819119, at *4 (E.D. Wash. Nov. 22, 1995) (WMWA); *Dean v. G.S. Inv. Co.*, 92 Wash. App. 1058, 1058 n.4 (Ct. App. 1998) (deprivation of wages); *Walsh v. Health Mgmt. Assocs., Inc.*, No. 11-CV-3125-TOR, 2012 WL 1424411, at *7 (E.D. Wash. Apr. 23, 2012) (meal and rest breaks).

To the extent the class definition provides for an extra year for each of the above claims, it is overbroad and must be stricken. *See, e.g.*, *Grivas v. Metagenics, Inc.*, No. SACV 15-01838-CJC(DFMx), 2018 WL 6185978, at *7 (C.D. Cal. Mar. 19, 2018) (striking a class definition to the extent it was temporally overbroad); *Ramirez v. Baxter Credit Union*, No. 16-cv-03765-SI, 2017 WL 1064991, at *8 (N.D. Cal. Mar. 21, 2017) (striking allegations extending beyond the limitations period as "facially invalid"); *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1211 (C.D. Cal. 2008) (striking class allegations to the extent they extended beyond the applicable limitations periods). Only Carlson's CPA claim implicates a four-year limitations period, but that claim is subject to dismissal for the reasons discussed previously. Even so, the assertion of that

DEFENDANTS' MEMORANDUM IN SUPPORT OF PARTIAL
MOTION TO DISMISS - 8
CASE NO. 3:20-CV-05476-RBL

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Ave, Suite 3000
Seattle, WA 98104
(206) 946-4910

CPA claim does not permit the extension of an overbroad class definition—and the futile discovery that would necessarily flow from it—to his remaining claims. *See, e.g.*, *Drenckhahn v. Costco Wholesale Corp.*, No. 2:08-cv-01408-FMC-JWJx, 2008 WL 11336775, at *5 (C.D. Cal. May 15, 2008) (conducting a claim-by-claim analysis and striking allegation allegations arising outside the applicable limitations periods for each respective claim).

The class definition is also inadequate because it utilizes criteria to determine class membership that, on the face of the Complaint, cannot be determined without extensive, individual-by-individual inquiries. *Cashatt*, 2020 WL 1987077, at *4. In its current formulation, the class definition—and class membership—does not turn on any readily discernable, objective criteria that is susceptible of common proof (e.g., common job titles).[2] *See, e.g.*, *Martino v. Ecolab, Inc.*, No. 14-cv-04358-PSG, 2016 WL 614477, at *10 (N.D. Cal. Feb. 16, 2016) ("If class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate."). Instead, to qualify as a class member, an individual must have performed what Carlson defines as "Warehouse Logistics and Coordination Activities." (Dkt. # 1, at 4 ¶ 17.) These activities, he alleges, consist of "coordinating the loading and unloading of food containers; assisting with the logistics of transporting goods to the domestic distribution centers; facilitating customer returns; and completing inventory and logistics-related paperwork and data entry." (*Id.* ¶ 12.) And apart from being central to the class definition, such activities play a central role in the substantive claims raised by Carlson. Indeed, unless he is able to show that each class member had "the primary job duties [of] only non-exempt work consisting of Warehouse Logistics and Coordination Activities" (*id.* ¶ 52), Carlson cannot establish that those individuals were misclassified as exempt and, consequently, have any viable claims.

Because membership in the class turns on each potential class member's individual work

---

[2] Carlson's position titles were known to him, yet not incorporated into his class definition. (Dkt. # 1, at 5 ¶¶ 26–27.) His decision to avoid reference to such objective criteria in his class definition appears to be little more than a futile effort to expand the potential reach of his class allegations.

DEFENDANTS' MEMORANDUM IN SUPPORT OF PARTIAL
MOTION TO DISMISS - 9
CASE NO. 3:20-CV-05476-RBL

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Ave, Suite 3000
Seattle, WA  98104
(206) 946-4910

experiences, his class claims will inevitably necessitate "extensive fact-finding just to identify members." *Cashatt*, 2020 WL 1987077, at *4; *accord Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1303 (D. Nev. 2014) ("Determination of class membership should not entail detailed individual inquiries."). This Court has previously found facial definitional, commonality, and predominance issues warranting the striking of class allegations under such circumstances, and it should do so again here.[3] *Cashatt*, 2020 WL 1987077, at *4; *cf. Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1147–48 (N.D. Cal. 2010) (striking class allegations related to warranty claims because each claim "involve[d] elements that are individual to each purported class member").

## IV.  CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court dismiss Carlson's individual and class-wide CPA claims under Rule 12(b)(6), and strike his Washington state class allegations under Rules 12(f) and 23(d)(1)(D).

DATED: June 25, 2020

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ *Helen M. McFarland*
Helen M. McFarland, WSBA #51012
999 Third Ave., Suite 3000
Seattle, WA 98104
P: (206) 936-4910
F: (206) 260-8839
hmcfarland@seyfarth.com

James J. Swartz, Jr. (pro hac vice pending)
Andrew McKinley (pro hac vice pending)
Renate Walker (pro hac vice pending)
1075 Peachtree Street, NE, Suite 2500
Atlanta, GA 30309
P: (404) 885-1500
F: (404) 892-7056
jswartz@seyfarth.com

---

[3] The Complaint offers no indication of whether an individual meets this definition by performing one of the listed activities, or only by performing them all. Regardless, an individual's ability to meet this definition will only be capable of determination—and the Complaint contains no allegations to the contrary—through fact-finding inquiries with respect to each and every potential class member, to determine class membership and potential claim viability in the first instance.

DEFENDANTS' MEMORANDUM IN SUPPORT OF PARTIAL
MOTION TO DISMISS - 10
CASE NO. 3:20-CV-05476-RBL

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Ave, Suite 3000
Seattle, WA  98104
(206) 946-4910

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

amckinley@seyfarth.com
rewalker@seyfarth.com

Attorneys for Defendants
United Natural Foods, Inc. and
SUPERVALU INC.

DEFENDANTS' MEMORANDUM IN SUPPORT OF PARTIAL
MOTION TO DISMISS - 11
CASE NO. 3:20-CV-05476-RBL

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Ave, Suite 3000
Seattle, WA 98104
(206) 946-4910

**CERTIFICATE OF SERVICE**

I hereby declare that on this 25 day of June, 2020, I caused a copy of ***Defendant's Memorandum in Support of Motion to Dismiss*** to be electronically filed with the Court using the King County E-Filing system which will send notification of such filing to the following:

Toby J. Marshall
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, WA 98103
tmarshall@terrellmarshall.com

Sarah R. Schalman-Bergen
Camille Fundora Rodriguez
Alexandra K. Piazza
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Sschalman-bergen@gm.net
crodriguez@bm.net
apiazza@bm.net

DATED this 25 day of June, 2020.

　　　　　　　　　　　　　　　　　　*/s/ Helen M. McFarland*
　　　　　　　　　　　　　　　　　　Counsel for Defendants

DEFENDANTS' MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS - 1
(CASE NO. 3:20-CV-05476-RBL)

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Ave., Suite 3000
Seattle, WA 98104
(206) 946-4910