THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD CARLSON, <br><br> Plaintiff, <br><br> v. <br><br> UNITED NATURAL FOODS, INC., *et al.*, <br><br> Defendants. | CASE NO. C20-5476-JCC <br><br> ORDER |

This matter comes before the Court on the parties' proposed agreed forms of collective notice, reminder notice, and consent form (Dkt. No. 49). Having thoroughly considered the parties' submission and the relevant record, the Court hereby APPROVES the parties' agreed notice and consent materials on the terms set forth in this order.

This is a Fair Labor Standards Act (FLSA) collective action. In August 2021, the Court granted in part and denied in part Plaintiff's motion for FLSA conditional certification. (Dkt. No. 48.) The Court authorized Plaintiff to contact certain members of the collective to advise them of their right to opt-in to this lawsuit. (*Id.* at 8, 10.) However, the Court also denied Plaintiff's conditional certification motion in part, pointing out a deficiency in Plaintiff's proposed notice and consent forms. (*Id.* at 8–9.) In particular, the Court ordered that (1) the notice should provide members of the collective with the option of retaining their own counsel, and (2) a reminder notice should be sent 30 days before the opt-in deadline rather than 15 days before, as Plaintiff

had proposed. (*Id.*) The Court thus ordered the parties to submit agreed forms of (a) notice by mail, (b) notice by email, (c) reminder notice, and (d) opt-in consent that complied with the August 2021 order. (*Id.* at 10.)

The parties submitted these materials on August 27, 2021. (Dkt. Nos. 49–49-1.)[1] The Court has reviewed the parties' submissions. The following language in the Parties' proposed opt-in consent form could be viewed as not consistent with the Court's August 2021 order:

> I understand that I have the right to obtain my own attorney to represent my claims and that I may withdraw my consent to proceed with my claims in this Lawsuit [sic] at any time by notifying Plaintiff's attorneys handling the matter.

(Dkt. No. 49-3 at 2.) This language is problematic because a recipient might believe that retaining counsel other than Plaintiff's precludes participating in Plaintiff's lawsuit. That is not correct. (*See* Dkt. No. 48 at 9 (stating that the notice and consent forms must state "that *participating* plaintiffs may retain their own counsel" (emphasis added; citation omitted)).)

Accordingly, the Court ORDERS that paragraph 5 of the consent form (Dkt. No. 49-3 at 2) be revised as follows:[2]

> I understand that I have the right to obtain my own attorney to represent my claims **in this lawsuit** and that I may withdraw my consent to proceed with my claims in this lawsuit at any time by notifying Plaintiff's attorneys handling the matter.

With this revision, the Court APPROVES the proposed notice by mail and e-mail (Dkt. No. 49-1); reminder notice (Dkt. No. 49-2); and consent-form (Dkt. No. 49-3), as revised. It is further ORDERED as follows:

1. Within 14 days of the date of this order, Plaintiff must transmit the approved notice and consent form and publish the online consent form.

2. No later than three days after doing so, Plaintiff must file a notice with the

---

[1] The parties did not submit separate notice forms for e-mail and conventional mail, which the Court takes to mean that the same language will be used for both forms of notice.

[2] (The actual consent form need not include bold or italicized typeface, which the Court uses here merely to highlight the needed revision.)

Court indicating the date on which notice was sent and identifying the 60-day deadline.

    3.    Plaintiff will send the reminder notice 30 days before the deadline.

DATED this 20th day of September 2021.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE