THE HONORABLE DAVID G. ESTUDILLO

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

DONALD CARLSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

UNITED NATURAL FOODS, INC. & SUPERVALU, INC.,

Defendants.

NO. 3:20-cv-05476-DGE

**JOINT MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**

**NOTED FOR CONSIDERATION: MARCH 25, 2022**

Plaintiff Donald Carlson ("Plaintiff" or "Carlson") and Defendants United Natural Foods, Inc. and Supervalu, Inc. ("Defendants") (together, the "Parties") jointly move the Court for an order approving this Settlement Agreement.[1] In support of this Motion, the Parties state as follows:

---

[1] A copy of the Settlement Agreement ("Agreement") with redaction of the gross amount is attached hereto as Exhibit 1. Pursuant to the terms of the Settlement Agreement, Defendants are requesting that the Court review the Settlement Agreement *in camera*, and Plaintiff does not oppose Defendants' request. Defendants contend there is little public interest in the *amount* of the settlement in this case because putative collective members already received, pursuant to this Court's Order (ECF No. 48) granting (in part) conditional certification, notice and opportunity to join the case, and none joined the case. Moreover, in this Motion and accompanying Declaration of Plaintiff's Counsel Alexandra Piazza, the parties provide ample information by which to judge the fairness and reasonableness of the parties' settlement, including the percentage of potential damages actually recovered and the percentage of the lodestar fees incurred that are being paid to Plaintiff's Counsel. Thus, compelling reasons exist to permit *in camera* submission or filing under seal (if the Court prefers).

JOINT MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT - 1
CASE NO. 3:20-CV-05476-DGE

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1. On May 21, 2020, Plaintiff commenced this action alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and Washington state law, by failing to pay him and similarly situated employees overtime compensation. *See* Complaint (ECF No. 1). Plaintiff brought this action as a collective action pursuant to 29 U.S.C. § 216(b) and a class action pursuant to Fed. R. Civ. P. 23 with respect to Plaintiff's claims under the Washington wage and hour laws RCW 49.46.090, *et seq*. Specifically, Plaintiff alleged that Defendants were knowingly and improperly classifying him and other similarly situated employees as exempt employees and, as a result, did not pay overtime pay for hours worked in excess of forty (40) in a workweek in violation of the FLSA and Washington law. Plaintiff sought unpaid wages, liquidated damages, and attorney's fees. *Id.*

2. In response, Defendants filed an FRCP 12(b)(6) Motion to Dismiss on June 25, 2022 (ECF Nos. 11-12). The Parties engaged in discussions regarding a potential resolution of this case and in order to facilitate those discussions, Defendants agreed to re-note the motion to dismiss three times (ECF Nos. 22, 24, and 25).

3. On August 28, 2020, the Parties filed a Stipulated Motion to stay the action and toll the statute of limitation for all FLSA Collective Members from August 26, 2020 until October 30, 2020 (ECF No. 26). The Court granted the Parties' motion on August 31, 2020 (ECF No. 27).

4. The Parties agreed to participate in a mediation and selected a mediator. To facilitate this process, the Parties exchanged data and settlement correspondence, and participated in numerous telephone conferences between August 2020 and January 2021. In the interest of judicial economy, the Parties moved the Court to stay the case and to extend the tolling period for potential plaintiffs to file consents to opt-in to the action (ECF Nos. 29, 33). The Court granted the Parties' motions. *See* ECF Nos. 31 and 34.

5. The parties conducted a mediation on January 27, 2021. However, the mediation, was unsuccessful (ECF No. 35).

JOINT MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT - 2
CASE NO. 3:20-CV-05476-DGE

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

6. Shortly thereafter, Plaintiff filed an Amended Class and Collective Action Complaint and a Motion for Conditional Certification and Judicial Notice and Equitable Tolling on February 18, 2021. (ECF Nos. 37-38).

7. Defendants filed their Answer to the Amended Complaint on March 4, 2021, in which Defendants denied Plaintiff's allegations that Plaintiff and others were paid improperly, and in which Defendants also asserted multiple affirmative defenses. *See* Answer (ECF No. 40). On March 8, 2021, Defendants filed a response to Plaintiff's Motion for Conditional Certification and Tolling (ECF No. 41).

8. On August 14, 2021, the Court granted in part and denied in part Plaintiff's Motion for Conditional Certification and Tolling. In the Court's Order, conditional certification was granted as to employees within Plaintiff's proposed collective definition who worked in Washington State (the "Conditional Collective") but denied as to those who worked in Florida (ECF No. 48).

9. At the conclusion of the notice period, the parties met and conferred and agreed to explore settlement on an individual basis on behalf of Plaintiff Donald Carlson (ECF No. 52). The Parties agreed to engage in a mediation before with experienced mediator Steve Festor on February 28, 2022 (ECF No. 53).

10. As a result of the mediation, the Parties reached a settlement in principle. The Parties continued to negotiate in good faith to prepare a Settlement Agreement for the Court's consideration. On March 7, 2022, the Parties filed a Joint Status Report informing the Court of the settlement (ECF No. 54).

11. While Defendants deny any wrongdoing in connection with Plaintiff's employment and further deny any violation of the FLSA, and while Plaintiff contends that he was not appropriately compensated for all hours worked while employed by Defendants, the Parties acknowledge: 1) that there are serious questions of law and fact in dispute; 2) the substantial risks associated with litigating these complex wage and hour claims; 3) the

JOINT MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT - 3
CASE NO. 3:20-CV-05476-DGE

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

difficulties associated with successfully establishing their respective positions before a jury; 4) the amount of time and resources involved in litigating these claims; and 5) the benefits of an expeditious resolution of claims and the value it provides to the Parties.

12. As a result, Plaintiff has entered into the Settlement Agreement with Defendants. The Settlement provides Plaintiff with a settlement award payment that by Plaintiff's Counsel's calculations, represents approximately 70% of the total potential recovery, including liquidated damages, that Plaintiff could have won if he was successful on all of his claims under the FLSA and Washington state law, assuming he worked five (5) hours of uncompensated overtime each week. The Settlement also provides reimbursement of Plaintiff's Counsel's attorneys' fees and costs, which outlined below, are a fraction of the actual fees and costs incurred in the litigation. Notably, these two payments were negotiated separately, Additional terms of the settlement are set out specifically in the Settlement Agreement, which Defendant requests the Court to review *in camera*.

13. Claims arising under the FLSA can be settled or compromised by employees in limited circumstances: when the Secretary of Labor supervises an employer's payment of unpaid wages to employees pursuant to 29 U.S.C. § 216(c) or when a district court approves a settlement agreement pursuant to 29 U.S.C. § 216(b). As a result, and by requirement of the Parties' agreement, the Settlement Agreements requires Court approval to become effective.

14. Thus, courts in the Ninth Circuit rule that an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. *See Ambrosino v. Home Depot U.S.A, Inc.*, 11CV1319 L MDD, 2014 WL 3924609, at *1 (S.D. Cal. Aug. 11, 2014) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir.1982)). Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354–1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the

JOINT MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT - 4
CASE NO. 3:20-CV-05476-DGE

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. In approving a settlement agreement, the Court balances numerous factors, including the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the extent of the discovery completed, the stage of the proceedings, and the experience and views of counsel. *See*, *e.g.*, *Torrisi v. Tucson Electric Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). The question of whether a proposed settlement is fair, reasonable, and adequate necessarily requires judgment and evaluation by the attorneys for the parties based upon a comparison of the terms of the compromise with the likely rewards of litigation. Courts have noted that the opinion of experienced counsel and the parties supporting the settlement is entitled to considerable weight. *See, e.g., Reed v. Gen. Motors Corp.*, 703 F.2d 170, 175 (5th Cir. 1983) ("[T]he value of the assessment of able counsel negotiating at arm's-length cannot be gainsaid. Lawyers know their strengths and they know where the bones are buried."); *UAW v. Gen. Motors Corp.*, No. 05 Civ. 73991, 2006 WL 891151, at *18 (E.D. Mich. Mar. 31, 2006) (holding in an FLSA case that "the endorsement of the parties' counsel is entitled to significant weight").

15. Here, the settlement negotiations between the Parties leading to these agreements were arm's-length negotiations of a *bona fide* dispute concerning complex issues under the FLSA. The Parties were each represented by experienced counsel. The Parties jointly assert that the Settlement Agreement represents a fair and equitable resolution of Plaintiff's wage and hour claims and are in the best interests of all Parties. Additionally, Plaintiff asserts that the settlement amount to Plaintiff in this Settlement Agreement represents 70% of the total potential recovery, including liquidated damages, that Plaintiff could have won if he was successful on all of his claims under the FLSA and Washington state law, assuming he worked five (5) hours of uncompensated overtime each week. *See* Declaration of Alexandra K. Piazza ("Piazza Decl.") ¶ 17. Accordingly, the Parties respectfully submit that their informed

JOINT MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT - 5
CASE NO. 3:20-CV-05476-DGE

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

conclusion that the Agreement are fair and equitable should be afforded considerable weight by the Court when analyzing whether to approve the settlement.

16.     The Settlement Agreement also provides reimbursement of Plaintiff's Counsel's fees and costs.  Under the FLSA and Washington law, Plaintiff's Counsel are entitled to reasonable attorneys' fees and costs to compensate them for their work in recovering unpaid wages under the FLSA. *See,* 29 U.S.C. § 216(b); RCW 49.48.030; RCW 49.52.070. Importantly, there is no proportionality test applied to the award of attorneys' fees and costs under either the FLSA or Washington law. *See, e.g.*, *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1473 (9th Cir. 1983), disapproved of on other grounds by *Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985) (upholding a $100,000 attorneys' fees award for an FLSA wage recovery of $18,455); *Cuff v. Trans States Holdings, Inc.*, 768 F.3d 605, 610-11 (7th Cir. 2014) ("Fee-shifting statutes […] are designed to prevent the potentially high costs of litigation from stifling justified claims."); *Hall v. Siemens VDO Auto. Elecs. Corp.*, 5:06-CV-1208-SLB, 2014 WL 1329553, at *10 (N.D. Ala. Mar. 31, 2014), *appeal dismissed* (June 30, 2014) ("While reduced fee awards are proper in many cases, "[f]ee awards should not simply be proportionate to the results obtained," especially in FLSA cases, as fee awards in FLSA cases are often greater than the amount recovered by the plaintiff."); *Ewald v. Royal Norwegian Embassy*, 11-CV-2116 SRN/SER, 2015 WL 1746375, at *16 (D. Minn. Apr. 13, 2015) (same); *see also Schilling v. Radio Holdings, Inc.*, 136 Wn.2d 152, 159, 961 P.2d 371 (1998) (noting the Washington legislature provided fee-shifting as "an effective mechanism for recovery" even where the wage amounts at issue "may be small"); *Fiore v. PPG Indus., Inc.*, 169 Wn. App. 325, 332, 350, 352, 358 (2012) (awarding $475,000 in fees for recovery of less than $25,000).

17.     The agreed-upon amount requested for the award of Plaintiff's Counsel's fees and costs is reasonable. The attorneys litigating this case on behalf of Plaintiff have significant employment law experience. *See* Piazza Decl., Exhibit A. Plaintiff's Counsel assumed a risk in taking on this case: They took the case on a contingency basis, and were prepared to invest

JOINT MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT - 6
CASE NO. 3:20-CV-05476-DGE

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

time, effort, and money over a period of years with no guarantee of any recovery. Plaintiff's Counsel's current combined lodestar is $275,675.00, calculated at their customary billing rates. Piazza Decl. ¶ 25. Plaintiff's Counsel spent time investigating the claims and interviewing the Plaintiff; drafting the complaint; researching issues in response to Defendants' Answer and asserted defenses; briefing the motion for conditional certification; running the notice process; engaging in settlement negotiations; reviewing data relating to settlement discussions; performing a damages analysis and analyzing Defendants' damages analysis; and finalizing formal settlement agreements.[2] The portion of this settlement attributable to Plaintiff's Counsel's fees and costs is far less than Plaintiff's Counsel's current lodestar of $275,675.00. The fee reimbursement represents a multiplier of only 0.15 on Plaintiff's Counsel's actual current lodestar. Piazza Decl. ¶ 27. This is a reasonable resolution of Plaintiff's claims for attorneys' fees and costs, especially considering that Plaintiff's Counsel will need to expend additional hours finalizing the Settlement with no additional request for payment. *Id.*

18. Based on the foregoing, the Parties jointly move this Court to approve the Settlement Agreement, and dismiss the case with prejudice as to Plaintiff and without prejudice as to any potential collective or class member as defined in Plaintiff's Amended Complaint. A proposed order is submitted for the Court's consideration.

//
//
//
//
//
//

---

[2] Plaintiff's Counsel maintains detailed billing records and can submit the same to the Court upon request.

JOINT MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT - 7
CASE NO. 3:20-CV-05476-DGE

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

RESPECTFULLY SUBMITTED AND DATED this 25th day of March, 2022.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Toby J. Marshall
    Toby J. Marshall, WSBA #32726
    Email: tmarshall@terrellmarshall.com
    Ryan Tack-Hooper, WSBA #56423
    Email: rtack-hooper@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103-8869
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

    Camille Fundora Rodriguez
    *Admitted Pro Hac Vice*
    Email: crodriguez@bm.net
    Alexandra K. Piazza
    *Admitted Pro Hac Vice*
    Email: apiazza@bm.net
    BERGER MONTAGUE PC
    1818 Market Street, Suite 3600
    Philadelphia, Pennsylvania 19103
    Telephone: (215) 875-3000
    Facsimile: (215) 875-4604

*Attorneys for Plaintiff Donald Carlson*

SEYFARTH SHAW, LLP

By: /s/ Helen M. McFarland
    Helen M. McFarland, WSBA #51012
    Email: hmcfarland@seyfarth.com
    999 Third Avenue, Suite 3000
    Seattle, Washington 98104
    Telephone: (206) 946-4923
    Facsimile: (206) 299-9974

    James J. Swartz, Jr.
    *Admitted Pro Hac Vice*
    Email: jswartz@seyfarth.com
    Andrew McKinley
    *Admitted Pro Hac Vice*
    Email: amckinley@seyfarth.com
    Renate M. Walker
    *Admitted Pro Hac Vice*
    Email: rewalker@seyfarth.com
    SEYFARTH SHAW, LLP
    1075 Peachtree Street N.E., Suite 2500
    Atlanta, Georgia 30309
    Telephone: (404) 885-1500
    Facsimile: (404) 892-7056

*Attorneys for Defendants United Natural Foods, Inc. and SUPERVALU INC.*

JOINT MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT - 8
CASE NO. 3:20-CV-05476-DGE

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com