THE HONORABLE DAVID G. ESTUDILLO

1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

7

DONALD CARLSON, individually and on behalf
of all others similarly situated,

8

Plaintiff,

9

v.

10

UNITED NATURAL FOODS, INC. &
SUPERVALU, INC.,

11
12

Defendants.

13
14
15
16

Case No. 3:20-cv-05476-DGE

**DECLARATION OF ALEXANDRA K. PIAZZA IN SUPPORT OF THE PARTIES' JOINT MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**

17        I, Alexandra K. Piazza, hereby declare that the following is true and correct:

18        1.        I am a member in good standing of the bars of the Commonwealth of

19  Pennsylvania, the State of New Jersey, and the State of California, and I am admitted *pro hac*

20  *vice* to this Court for this action. I am a Senior Counsel at Berger Montague PC ("Berger

21  Montague") and represent Plaintiff in the above-captioned litigation.

22        2.        Berger Montague specializes in class action litigation in federal and state courts

23  and is one of the preeminent class-action law firms in the United States. Berger Montague

24  currently employs approximately 80 attorneys, plus staff who represent plaintiffs in complex

25  and class-action litigation. Our firm's Employment Law Department has considerable

26  experience representing employees in class-action and collective-action litigation. Berger

27  DECLARATION OF ALEXANDRA K. PIAZZA IN SUPPORT OF
THE PARTIES' JOINT MOTION FOR FINAL APPROVAL OF
THE SETTLEMENT AGREEMENT - 1
Case No. 3:20-cv-05476-DGE

1  Montague has played lead roles in major class action cases for over 50 years, resulting in

2  recoveries totaling many billions of dollars for our firm's clients and the classes they represent.

3        3.      I and my colleagues in the firm's Employment Law Department have extensive

4  backgrounds in litigation on behalf of employees. Berger Montague currently serves as lead or

5  co-lead counsel in dozens of wage-and-hour class and collective actions in federal courts across

6  the country, including unpaid-wage cases similar to this case. Berger Montague has successfully

7  resolved numerous unpaid-overtime cases in district courts across the United States. This level

8  of expertise enabled Berger Montague to undertake this matter and to successfully prosecute

9  these claims on behalf of Plaintiff and to reach a fair and reasonable settlement of the claims in

10  this Action in an efficient manner.

11        4.      I respectfully submit this declaration in support of the Joint Motion for Final

12  Approval of the Settlement Agreement. The following is based on my personal knowledge, and

13  if called upon to do so, I could and would competently testify thereto.

14                          **RELEVANT SETTLEMENT BACKGROUND**

15        5.      On May 21, 2020, Plaintiff commenced this action alleging that Defendants

16  violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and Washington state

17  law, by failing to pay him and similarly situated employees overtime compensation. *See*

18  Complaint (ECF No. 1). Plaintiff brought this action as a collective action pursuant to 29 U.S.C. §

19  216(b) and a class action pursuant to Fed. R. Civ. P. 23 with respect to Plaintiff's claims under

20  the Washington wage and hour laws RCW 49.46.090, *et seq*. Specifically, Plaintiff alleged that

21  Defendants were knowingly and improperly classifying him and other similarly situated

22  employees as exempt employees, and as a result did not pay overtime pay for hours worked in

23  excess of forty (40) in a workweek in violation of the FLSA and Washington law. Plaintiff sought

24  unpaid wages, liquidated damages, and attorney's fees. *Id.*

25        6.      In response, Defendants filed an FRCP 12(b)(6) Motion to Dismiss on June 25,

26  2022 (ECF Nos. 11-12). The Parties engaged in discussions regarding a potential resolution of

27

DECLARATION OF ALEXANDRA K. PIAZZA IN SUPPORT OF
THE PARTIES' JOINT MOTION FOR FINAL APPROVAL OF
THE SETTLEMENT AGREEMENT - 2
Case No. 3:20-cv-05476-DGE

1  this case and in order to facilitate those discussions, Defendants agreed to re-note the motion

2  to dismiss three times (ECF Nos. 22, 24, and 25).

3         7.      On August 28, 2020, the Parties filed a Stipulated Motion to stay the action and

4  toll the statute of limitation for all FLSA Collective Members from August 26, 2020 until October

5  30, 2020 (ECF No. 26). The Court granted the Parties' motion on August 31, 2020 (ECF No. 27).

6         8.      The Parties agreed to participate in a mediation and selected a mediator. To

7  facilitate this process, the Parties exchanged data and settlement correspondence, and

8  participated in numerous telephone conferences between August 2020 and January 2021. In

9  the interest of judicial economy, the Parties moved the Court to stay the case and to extend the

10  tolling period for potential plaintiffs to file consents to opt-in to the action (ECF Nos. 29, 33).

11  The Court granted the Parties' motions. *See* ECF Nos. 31 and 34.

12         9.      The parties conducted a mediation on January 27, 2021. However, the

13  mediation, was unsuccessful (ECF No. 35).

14         10.    Shortly thereafter, Plaintiff filed an Amended Class and Collective Action

15  Complaint and a Motion for Conditional Certification and Judicial Notice and Equitable Tolling

16  on February 18, 2021. (ECF Nos. 37-38).

17         11.    Defendants filed their Answer to the Amended Complaint on March 4, 2021, in

18  which Defendants denied Plaintiff's allegations that Plaintiff and others were paid improperly,

19  and in which Defendants also asserted multiple affirmative defenses. *See* Answer (ECF No. 40).

20  On March 8, 2021, Defendants filed a response to Plaintiff's Motion for Conditional Certification

21  and Tolling (ECF No. 41).

22         12.    On August 14, 2021, Court granted in part and denied in part Plaintiff's Motion

23  for Conditional Certification and Tolling. In the Court's Order, conditional certification was

24  granted as to employees within Plaintiff's proposed collective definition who worked in

25  Washington State (the "Conditional Collective") but denied as to those who worked in Florida

26  (ECF No. 48).

27  DECLARATION OF ALEXANDRA K. PIAZZA IN SUPPORT OF
THE PARTIES' JOINT MOTION FOR FINAL APPROVAL OF
THE SETTLEMENT AGREEMENT - 3
Case No. 3:20-cv-05476-DGE

13.     At the conclusion of the notice period, the parties met and conferred and agreed to explore settlement on an individual basis on behalf of Plaintiff Donald Carlson (ECF No. 52). The Parties agreed to engage in a mediation before with experienced mediator Steve Festor on February 28, 2022 (ECF No. 53).

14.     As a result of the mediation, the Parties reached a settlement in principle. The Parties continued to negotiate in good faith to prepare a Settlement Agreement for the Court's consideration.

15.     I believe that the negotiated Settlement Agreement provides an excellent settlement for the Plaintiff with respect to his claims for alleged unpaid overtime wages arising from Defendants' alleged violations of the FLSA and Washington state law.

16.     The Settlement provides Plaintiff with a settlement award payment that by Plaintiff's Counsel's calculations, represents approximately 70% of the total potential recovery, including liquidated damages, that Plaintiff could have won if he was successful on all of his claims under the FLSA and Washington state law, assuming he worked five (5) hours of uncompensated overtime each week. The Settlement also provides reimbursement of Plaintiff's Counsel's attorneys' fees and costs, which outlined below, are a fraction of the actual fees and costs incurred in the litigation. Notably, these two payments were negotiated separately. Defendant requests, and Plaintiff does not oppose, that the Court review the actual Settlement Agreement between the parties *in camera*.

17.     Plaintiff's Settlement Award was carefully negotiated based on a substantial investigation by Plaintiff's Counsel, detailed damages analyses, and the review and analysis of documents produced by Plaintiff and Defendants in preparation for mediation. More specifically, the Settlement Award is based on an analysis of workweeks that Plaintiff worked for Defendants during the relevant time period, and by Plaintiff's Counsel's estimation, it represents approximately 70% of the total potential recovery, including liquidated damages, that Plaintiff could have won if he was successful on all of his claims under the FLSA and

DECLARATION OF ALEXANDRA K. PIAZZA IN SUPPORT OF
THE PARTIES' JOINT MOTION FOR FINAL APPROVAL OF
THE SETTLEMENT AGREEMENT - 4
Case No. 3:20-cv-05476-DGE

1  Washington state law, assuming he worked five (5) hours of uncompensated overtime each

2  week.

3      18.      I believe this settlement presents an extremely strong recovery, as it confers a

4  substantial benefit Plaintiff, and it far exceeds our best estimates of Plaintiff's total unliquidated

5  damages. The settlement offers significant advantages over the continued prosecution of this

6  case: Plaintiff will receive significant and immediate financial compensation and will avoid the

7  risks inherent in the continued prosecution of this case in which Defendants would assert

8  various defenses to their liability.

9      19.      Plaintiff's Counsel, Berger Montague PC and Terrell Marshall Law Group PLLC,

10  agreed to represent Plaintiff on a contingency-fee basis and was prepared to invest time, effort,

11  and money over a period of years with absolutely no guarantee of any recovery. Plaintiff's

12  Counsel would not have recovered any of their fees and out-of-pocket costs had they not

13  obtained a settlement or prevailed at trial.

14      20.      The risks Plaintiff's Counsel undertook were real, and the resources that

15  Plaintiff's Counsel dedicated to this Lawsuit meant that such resources were not available to

16  other cases. Plaintiff's Counsel's contingency risk, together with the excellent result that has

17  been achieved on behalf of Plaintiff, supports the requested fees and costs.

18                              **BERGER MONTAGUE'S LODESTAR**

19      21.      As discussed above, Plaintiff's Counsel spent significant time and resources

20  reaching this settlement. In my exercise of billing judgment, I have reviewed the billing records

21  maintained in this case and have removed hours spent by attorneys and staff at my Firm if I

22  deemed such time to be redundant or duplicative or if the total hours billed were less than five

23  (5) hours. After the exercise of such billing judgment, as of March 22, 2022, the total number of

24  recorded hours spent on this litigation by Berger Montague is 345.9, and the lodestar amount

25  for attorney and support staff time, based on the firm's current rates, is $196,465.00. The

26  hourly rates shown below are the usual and customary rates charged for each individual in all

27

DECLARATION OF ALEXANDRA K. PIAZZA IN SUPPORT OF
THE PARTIES' JOINT MOTION FOR FINAL APPROVAL OF
THE SETTLEMENT AGREEMENT - 5
Case No. 3:20-cv-05476-DGE

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1 | of our cases. A breakdown of my firm's lodestar is reflected below:

| Name | Position | Hours | Rate | Lodestar |
|------|----------|-------|------|----------|
| Camille Fundora Rodriguez | Shareholder | 67.2 | $670.00 | $45,024.00 |
| Phyllis Parker | Shareholder | 52.8 | $740.00 | $37,370.00 |
| Sarah Schalman-Bergen | Former Shareholder | 10.6 | $645.00 | $6,837.00 |
| Alexandra K. Piazza | Senior Counsel | 133 | $580.00 | $77,140.00 |
| Deanna Kemler, PhD | Damages Analyst | 52.8 | $380.00 | $20,064.00 |
| Stefana Klipa | Paralegal | 29.5 | $340.00 | $10,030.00 |
| **TOTAL** | | 345.9 | | **$196,465.00** |

22.   Due to the amount of privileged information contained in Berger Montague's actual hourly billing records, those detailed records are not attached here but can easily be provided for this Court's *in camera* review should the Court wish to review them.

23.   The hourly rates for the partners, attorneys, and professional staff are the same as would be charged in non-contingent matters or which have been accepted and approved in recent class and collective action wage and hour litigation around the country. *See, e.g., Merino et al. v. Wells Fargo & Co., et al.*, No. 2:16-cv-07840-ES-MAH (D.N.J. Jan. 15, 2020); *Brewer v. Homeland Vinyl Products, Inc.*, No. 1:17-cv-04290-NLH-KMW (D.N.J. Sept. 10, 2019); *Holbert v. Waste Mgmt., Inc.*, No 2:18-cv-02649-CMR (E.D. Pa. Aug. 7, 2019); *Shaw, et al. v. AMN Services, LLC, et al.*, No. 3:16-cv-02816, Dkt. No. 167 (N.D. Cal. May 31, 2019) (conducting lodestar cross check and holding "[t]he Court further finds that the hourly rates of Class Counsel's co-counsel, Berger Montague PC, also are within the prevailing range of hourly rates charged by attorneys providing similar services in class action, wage-and-hour cases"); *Scolaro v. RightSourcing, Inc.*, No. 8:16-cv-01083, Dkt. No. 44 (C.D. Cal. June 26, 2017) (approving Berger Montague's hourly rates); *Devlin v. Ferrandino & Sons, Inc.*, No. 2:15-cv-4976, Dkt. No. 46 (E.D. Pa. Dec. 9, 2016) (conducting lodestar cross check, approving billing rates, and holding that Berger Montague attorneys "have substantial experience in FLSA cases, and their hourly rates are also within the range charged by attorneys with comparable experience levels for litigation of a similar nature"); *see also Lopez v. T/J Inspection Inc.*, No. 5:16-cv-148 (W.D. Okla. Apr. 12, 2017);

DECLARATION OF ALEXANDRA K. PIAZZA IN SUPPORT OF
THE PARTIES' JOINT MOTION FOR FINAL APPROVAL OF
THE SETTLEMENT AGREEMENT - 6
Case No. 3:20-cv-05476-DGE

1  *Ciamillo v. Baker Hughes Inc.*, No. 3:14-cv-00081-RRB (D. Alaska June 22, 2015); *Crawford v.*

2  *Zenta Mortg. Servs. LLC,* No. 3:11-cv-129 (W.D.N.C. Jan. 16, 2013); *Justison v. McDonald's Corp.,*

3  No. 08-448-LPS (D. Del. Nov. 9, 2010); *Choul v. Neb. Beef, Ltd.*, No. 8:10-cv-308 (D. Neb. May 17,

4  2012); *Banuelos, et al. v. XL Four Star Beef Holdings*, No. 07-cv-00422-EJL (D. Idaho Feb. 2,

5  2010); *Salcido, et al. v. Cargill Meat Sols. Corp., et al.*, Nos. 1:07-cv-01347-LJO-GSA and 1:08-cv-

6  00605-LJO-GSA (E.D. Cal. May 29, 2009).

7       24.    Additionally, Terrell Marshall Law Group PLLC, has spent 197.3 hours litigating

8  this action, and the lodestar amount for attorney and support staff time, based on the firm's

9  current rates, is $ 79,210.00. Again, detailed records are not attached here but can easily be

10  provided for this Court's *in camera* review should the Court wish to review them.

11       25.    Together, Plaintiff's Counsel has spent 543.2 hours litigating this action, and the

12  lodestar amount for attorney and support staff time is $275,675.00.

13       26.    Plaintiff's Counsel has spent time investigating the claims and interviewing the

14  Plaintiff; drafting the complaint; researching issues in response to Defendants' Answer and

15  asserted defenses; briefing the motion for conditional certification; running the notice process;

16  engaging in settlement negotiations during and after two full day mediation sessions; reviewing

17  data relating to settlement discussions; performing a damages analysis and analyzing

18  Defendants' damages analysis; and finalizing formal settlement agreements.

19       27.    The proposed fee award represents a multiplier of only 0.15 of Plaintiff's

20  Counsel's actual lodestar. Thus, if the requested fee award is approved, Class Counsel will not

21  even realize their *actual, current lodestar*, not including all the work that will be necessary to

22  bring this settlement to a conclusion.

23       28.    Additionally, this litigation required Plaintiff's Counsel to advance costs. Because

24  the risk of advancing costs in this type of litigation is significant, doing so is often cost

25  prohibitive to many attorneys.

26

27  DECLARATION OF ALEXANDRA K. PIAZZA IN SUPPORT OF
    THE PARTIES' JOINT MOTION FOR FINAL APPROVAL OF
    THE SETTLEMENT AGREEMENT - 7
    Case No. 3:20-cv-05476-DGE

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    29.   As of March 22, 2022, Berger Montague PC has expended costs to prosecute this

2  action, as follows:

| Expense | Amount |
| --- | --- |
| Computer Research | $505.41 |
| Telephone | $34.82 |
| Mediation Fees | $3,160.00 |
| Electronic Signature Service | $7.44 |
| **Total** | **$3,707.67** |

7    30.   Additionally, Terrell Marshall Law Group PLLC, has incurred $4,288.76 in

8  expenses litigating this action.

9    31.   The expenses incurred pertaining to this case are reflected in the books and

10  records of the firms. These books and records are prepared from expense vouchers and check

11  records and are an accurate record of the expenses incurred. All of the expenses incurred were

12  reasonable and necessary to the prosecution of this case.

13    32.   Accordingly, for the reasons discussed herein, Plaintiff's Counsel requests Court

14  approval of reimbursement of fees in the amounts set forth in the Settlement Agreement.

15    Dated: March 25, 2022

16

17    Alexandra K. Piazza

18

19

20

21

22

23

24

25

26

27

DECLARATION OF ALEXANDRA K. PIAZZA IN SUPPORT OF
THE PARTIES' JOINT MOTION FOR FINAL APPROVAL OF
THE SETTLEMENT AGREEMENT - 8
Case No. 3:20-cv-05476-DGE

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com