- Exhibit 1 -

# SETTLEMENT AGREEMENT AND FULL AND FINAL
# RELEASE OF CLAIMS RAISED IN *Carlson v. United Natural Foods, Inc. & SUPERVALU, Inc.*, 3:20-cv-05476-DGE

This Settlement Agreement and Full and Final Release of Claims Raised in *Carlson v. United Natural Foods, Inc. & SUPERVALU, Inc.*, 3:20-cv-05476-DGE ("Agreement") is entered into by and between the plaintiff Donald Carlson ("Plaintiff") and Defendants United Natural Foods, Inc. and SUPERVALU, Inc., on their own behalf and that of their divisions, parents, affiliates, subsidiaries, predecessors and successors, including, but not limited to, any and all UNFI-related or SUPERVALU-related entities and their directors, partners, principals, officers, members, fiduciaries, trustees, insurers, employees, attorneys, agents, predecessors, and successors (collectively "Defendants"). Defendants and Plaintiff are referred to herein as the "Parties."

WHEREAS, the Plaintiff initiated the lawsuit now captioned *Carlson v. United Natural Foods, Inc. & SUPERVALU, Inc.*, 3:20-cv-05476-DGE (the "Action"), pending in the United States District Court for the Western District of Washington (the "Court");

WHEREAS, in the Action, Plaintiff asserted various wage and hour claims under Washington state law and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Washington Consumer Protection Act;

WHEREAS, Defendants deny that they have committed any wrongdoing or violated Washington state law or the FLSA, have vigorously disputed the claims asserted in the Action, and assert that they have strong defenses to the claims in the Action, which defenses they believe are meritorious;

WHEREAS, Plaintiff has accepted a settlement fully and finally resolving any and all claims that he pled individually in the Action against Defendants, including, but not limited to, for alleged wages, liquidated damages, benefits, any and all other monetary damages of any kind (including but not limited to interest), and other relief of any nature whatsoever arising from the Action;

WHEREAS, the settlement is not an admission of liability nor is Plaintiff's acceptance of the offer to be construed as an admission that Defendants are or were liable to any individual in any amount;

WHEREAS, to avoid the uncertainty, burdens, and expense of further litigation, and without admission or finding of liability or wrongdoing on the part of Defendants, such being expressly denied by Defendants, Plaintiff and Defendants desire to settle and finally resolve all claims for attorneys' fees, costs, and expenses, including all those arising out of the Action, and those arising out of issues or claims that have been or could have been asserted by Plaintiff against Defendants in the Action or otherwise from the beginning of the world through the date Plaintiff executes this Agreement;

Page **1** of **10**

DC (Donald Carlson) *DC*

WHEREAS, the Parties, through their counsel, represent that they have diligently conducted a thorough investigation into the allegations contained in the Action and, having done so, believe that the settlement between the Parties is fair, reasonable, adequate, and in the best interests of all in light of all known facts and circumstances, including the considerable expense of discovery and litigation, defenses asserted by Defendants, uncertainty of the result through continued litigation and appeal, and the risks of delay and an adverse judgment;

WHEREAS, the Parties have engaged in arms-length negotiations, with the assistance of an experienced mediator, Steve Festor, that led to the Parties' agreement on the terms contained herein;

WHEREAS, the Parties desire to resolve on the terms set forth herein any and all claims that were or could have been asserted by Plaintiff against Defendants; and

NOW, THEREFORE, in consideration of the promises that are contained in this Agreement and other good and valuable consideration, the legal adequacy and sufficiency of which is acknowledged, it is agreed as follows:

1. **No Admission of Liability**. This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or as an admission by Defendants of any violation of the rights of any person or entity, or violation of any order, law, statute, duty, or contract whatsoever against any person or entity. Defendants specifically disclaim any liability to Plaintiff or any other person for any alleged violation of the rights of Plaintiff or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of Defendants, their related companies, employees, agents, or employees or agents of the related companies.

2. **Settlement Consideration**.

   a. Payment to Plaintiff: Within the time and in the manner specified in subsection (c) below, Defendants (or one of them) will issue to Plaintiff:

      (i) a check in the gross amount of ▇▇▇▇▇▇ representing payment of all claimed wage damages of whatsoever nature, including without limitation alleged back wages and interest. This payment is subject to all applicable withholdings and standard payroll deductions, and Defendants (or the Released Party that employed Plaintiff) will issue to Plaintiff a W-2 Form for this payment; and

Page **2** of **10**

DC (Donald Carlson) [DC]

        (ii) a check in the gross amount of ▮▮▮▮▮ representing payment of all claimed non-wage compensatory damages, liquidated damages, and/or punitive damages of whatsoever nature. Defendants (or one of them) will issue to Plaintiff a Form 1099 for this payment.

   b.   <u>Payment of Attorneys' Fees, Costs, and Expenses</u>: Within the time and in the manner specified in subsection (c) below, Defendants (or one of them) will issue a check to Plaintiff's counsel, Berger Montague, PC, for a payment in the gross amount of ▮▮▮▮▮ Defendants (or one of them) will issue a 1099 to Berger Montague PC for this payment.

   c.   <u>Timing and Manner of Payment</u>: Within fifteen (15) business days after (1) Plaintiff and Plaintiff's counsel sign and deliver the original executed Agreement and a stipulation of dismissal with prejudice referenced in Section (3) below to Defendants' counsel, and provide IRS Forms W4 and W9 for Plaintiff and W9 for Plaintiff's counsel, and (2) the Court's approval of this Agreement and entry of the stipulation of dismissal, Defendants (or one of them) shall issue the checks described herein. If the Court does not approve this agreement, Defendants will have no payment obligation. Plaintiff's counsel shall be responsible for distributing the checks to Plaintiff.

   d.   It is confirmed and acknowledged between the Parties that money paid to Plaintiff pursuant to Section 2(a) through 2(d) represents settlement of Plaintiff's claims against Defendants and consideration for the releases and other promises, representations, and warranties contained in this Agreement.

3.   **<u>Dismissal with Prejudice</u>**. Contemporaneous with Plaintiff's and Plaintiff's counsel's execution and return of this Agreement, Plaintiff and Plaintiff's counsel shall execute and return to Defendants' counsel a stipulation of dismissal with prejudice as to Plaintiff's individual claims and without prejudice as to the class claims in the Action, which Defendants shall file upon the Court's approval of this Agreement and Defendants' issuing the checks described herein (to the extent the Court's approval order has not already dismissed the Action with prejudice).

4.   **<u>Complete Release by Plaintiff of Claims Individually Pleaded in the Action</u>**.

   a.   **Claims Released by Plaintiff**: Plaintiff irrevocably and unconditionally releases all the individually pleaded claims, including all wage and hour claims, that were or could have been

Page 3 of 10

DC (Donald Carlson)

asserted in the Action that he had or may now have, from the beginning of time until the date Plaintiff executes this Agreement, against the Released Parties listed in Section 4(c), except that he is not releasing any claim that relates to: (1) the right to enforce this Agreement, (2) any rights or claims that arise after signing this Agreement, and (3) any rights or claims that cannot lawfully be released. Subject only to the exceptions just noted, Plaintiff is releasing all known and unknown claims, promises, causes of action, or similar rights related to the all the individually pleaded claims, including all wage and hour claims, that were or could have been asserted in the Action ("Released Claims") with respect to any Released Party listed in Section 4(c). Plaintiff understands that the Released Claims he is releasing might arise under many different laws (including statutes, regulations, other administrative guidance, and common law doctrines), such as, but not limited to, the following:

Federal and state laws governing payment of wages, such as the Fair Labor Standards Act of 1938, as amended, as well as any state or local law (both statutory and common law) pertaining or related to hours of work, meal breaks, payment of wages, compensation, overtime pay, damages, interest, and/or penalties including without limitation all claims that were asserted or could have been asserted in the Action based on the allegations in the Action, regarding events that occurred or are alleged to have occurred regarding Plaintiff's employment with Defendants.

Anti-retaliation laws, such as under the Fair Labor Standards Act of 1938, as amended, and any other federal, state, or local laws prohibiting retaliation that were asserted or could have been asserted in the Action based on the allegations in the Action, regarding events that occurred or are alleged to have occurred regarding Plaintiff's employment with Defendants.

Other laws, such as any federal, state, or local laws governing payment of wages; Washington Consumer Protection Act (or other state or federal consumer protection law).

Released Claims which may have accrued include claims for attorneys' fees, expenses or costs arising out of the Action.

b.    The foregoing release shall be construed in the broadest sense possible and shall be effective as a prohibition to all claims, charges, actions, suits, demands, obligations, damages, injuries, liabilities, losses, and causes of action of every character, nature, kind or

Page **4** of **10**

DC (Donald Carlson)

description, known or unknown, and suspected or unsuspected that Plaintiff pleaded, including all wage and hour claims, that were or could have been asserted in the Action against the Released Parties.

Plaintiff acknowledges that Plaintiff may later discover facts different from or in addition to those facts now known to him or believed by him to be true with respect to any or all of the matters covered by this Agreement, and Plaintiff agrees that this Agreement nevertheless shall remain in full and complete force and effect.

    c.    **Released Parties**: The "Released Parties" are Defendants and all of their predecessors, successors, current, future and former parents, subsidiaries, affiliates, related companies, partnerships, investors, or joint ventures, and, with respect to each of them, their predecessors and successors; and, with respect to all of the foregoing entities, all of their past, present, and future employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, plans, trustees, and any other persons acting by, through, under or in concert with any of the persons or entities listed in this subsection, and their successors. Any individual person or entity included in the Released Parties shall be referred to individually as a "Released Party."

    d.    **Unknown Claims**: Plaintiff understands that he is releasing the Released Parties from Released Claims that he may not know about. That is his **knowing and voluntary intent**, even though he recognizes that someday he might learn that some or all of the facts he currently believes to be true are untrue and even though he might then regret having signed this Agreement. Nevertheless, Plaintiff is assuming that risk and agrees that this Agreement shall remain effective in all respects in any such case. Plaintiff expressly waives all rights he might have under any law that is intended to protect him from waiving unknown claims. Plaintiff understands the significance of doing so.

5.    **Non-publicity.** Except as required to obtain Court approval of this Settlement Agreement, the Parties and their respective counsel agree that they will keep all settlement negotiations and/or communications leading up to the execution of this Agreement strictly confidential and will not make press, social media, or marketing/advertisements communications to third parties or the general public regarding this litigation and resolution (such as publicizing the settlement and/or display of it for marketing/advertising purposes). The parties agree that if they receive inquiries from the press, media or social media about this settlement, they will respond only that the case has been amicably resolved to the parties' mutual satisfaction. Nothing

Page **5** of **10**

DC (Donald Carlson) [DC] ____

in this provision will affect the ability of the Parties' respective counsel to carry out their duties required by the Court or affect their respective attorney-client communications.

6. **Court Approval**. The parties will seek Court approval of the Agreement. Plaintiff agrees to cooperate in obtaining such approval, including not opposing any request by Defendants for the Court to review the Agreement under seal or *in camera*. If the Court does not approve the settlement, the parties agree to engage in follow-up negotiations with the intent of resolving the Court's concerns that precluded approval, and, if feasible, to resubmit the settlement for approval within thirty (30) days. If the settlement is not approved as resubmitted or if the parties are not able to reach another agreement, then either party may void the Settlement Agreement; at that point, the parties agree that each shall return to their respective positions on the day before this the Settlement Agreement was finalized and that the Settlement Agreement shall not be used in evidence or argument in any other aspect of their litigation.

7. **Counterparts**. This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, with the same effect as if all parties had signed the same document. All such counterparts shall be deemed an original, shall be construed together, shall constitute one and the same instrument, and shall be considered confidential in accordance with the terms of Section 6 of this Agreement.

8. **Governing Law**. This Agreement shall be construed and interpreted in accordance with the laws of the State of Washington, without giving effect to any internal conflict or choice of laws rules.

9. **Severability**. Should any part of this Agreement be found to be illegal or in conflict with any law, or otherwise rendered unenforceable or ineffectual, the remaining parts of this Agreement shall be deemed severable and shall remain in effect so long as the remaining parts continue to constitute in substance the agreement that Plaintiff and Defendant intended to enter.

10. **Non-Assignment**. Plaintiff agrees that he has not and will not assign this Agreement, any part of this Agreement, or any rights arising under this Agreement, to any person or entity. Plaintiff further represents and warrants that, as of the effective date of this Agreement, the Released Claims have not been sold, assigned, or transferred, in whole or in part, to any other person or entity.

11. **No Adverse Construction**. It is acknowledged that Plaintiff and Defendants, with the assistance of competent counsel, have all participated in the drafting of this Agreement. Plaintiff and Defendants agree that this

Page 6 of 10

DC (Donald Carlson)

Agreement has been negotiated at arms' length by persons of equal bargaining power, each of whom was represented by competent counsel of his, her, or its own choosing. Neither Plaintiff nor Defendants shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

12. **Consideration of Release**. Plaintiff represents and warrants that (1) he is entering into this Agreement knowingly, and voluntarily, free from fraud, duress, coercion, or mistake of fact; (2) this Agreement is in writing and is understandable; (3) this Agreement explicitly waives current claims; (4) this Agreement does not waive future claims; (5) he is being paid something to which he was not already entitled; (6) Defendants advised her in writing to consult an attorney at his own expense; (7) Defendants gave him reasonable time to consider his release of claims; and (8) Plaintiff, through counsel, negotiated the terms of this Agreement.

13. **Payment of Applicable Taxes**. Plaintiff is and shall be solely responsible for all federal, state, and local taxes that may be owed by him by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Plaintiff agrees to indemnify and hold Defendants harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed on him by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Plaintiff under this Agreement. Defendants are responsible for employer-side payroll taxes on the W-2 portion of payments under this Agreement.

14. **Entire Agreement**. This Agreement constitutes the entire, complete, and integrated statement of each and every term and provision agreed to by and between Plaintiff and Defendants related to Plaintiff's release of individually pleaded claims, including all wage and hour claims, that were or could have been asserted in the Action and is not subject to any condition not provided for herein. This Agreement supersedes any prior representations, promises, or warranties (oral or otherwise) made by Plaintiff or Defendants, and neither Plaintiff nor Defendants shall be liable or bound to the other for any prior representation, promise, or warranty (oral or otherwise) except for those expressly set forth in this Agreement. This Agreement shall not be modified or canceled in any respect except as provided herein by a writing executed by Plaintiff and Defendant.

Page 7 of 10

DC (Donald Carlson) _DC_

> READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT: IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS. IF YOU WISH, YOU SHOULD CONSULT AN ATTORNEY OR OTHER ADVISOR AT YOUR OWN EXPENSE.

**[SIGNATURES FOLLOW]**

IN WITNESS WHEREOF, the Parties each voluntarily and without coercion have caused this Agreement to be signed and entered under seal as of the respective dates written below as their free acts and deeds.

## PLAINTIFF

**AGREED AND ACCEPTED**:

*Donald Carlson* (DocuSigned)
Donald Carlson

Date: 3/18/2022

## PLAINTIFF'S COUNSEL

**APPROVED AS TO FORM**:

*Alexandra K. Piazza* (DocuSigned)
Alexandra K. Piazza
BERGER MONTAGUE PC
401 B Street, Suite 2000
San Diego, CA 92101

*[signature]*
Toby J. Marshall
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869

Date: 03.18.2022

## DEFENDANTS UNITED NATURAL FOODS, INC. AND SUPERVALU, INC.

**AGREED AND ACCEPTED**:

_Andre J. LaMere_
Andre LaMere for Defendants

Title: Senior Vice President, Deputy General Counsel

Date: 03/21/22

## DEFENDANTS' COUNSEL

**APPROVED AS TO FORM**:

_James J. Swartz Jr._
James J. Swartz, Jr.
SEYFARTH SHAW, LLP
1075 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30309