UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD CARLSON, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br>v.<br><br>UNITED NATURAL FOODS, INC., and SUPERVALU, INC.,<br><br>Defendants. | CASE NO. 3:20-cv-05476-DGE<br><br>ORDER ON JOINT MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT |

## I.   INTRODUCTION

This matter comes before the Court on the parties' Joint Motion for Final Approval of the Settlement Agreement. (Dkt. No 55.) The Court has considered the motion and the remainder of the record and hereby GRANTS the motion for the reasons discussed herein.

## II.   BACKGROUND

The Court has discussed the facts of this case in detail in previous orders and incorporates them by reference. (Dkt. No. 48 at 1-3.) The present dispute arises out of Plaintiff's claim that he was not properly compensated for his overtime work while employed by Defendants between

ORDER ON JOINT MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT - 1

September 2010 and February 2020. (*Id*. at 48 at 1.) After nearly two years of litigating the present action, the parties come now seeking the Court's approval of a settlement reached between the parties as a result of a mediation between the parties that occurred earlier this year. (Dkt. No. 55 at 3.)

### III.     DISCUSSION

The Fair Labor Standards Act ("FLSA") requires employers to pay their employees time and one-half for work exceeding forty hours per week. *See* 29 U.S.C. § 207(a)(1). Most courts hold that an employee's overtime claim under FLSA is non-waivable, and therefore cannot be settled without the supervision of either the Secretary of Labor or a district court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *Till v. Saks Inc.*, 2014 WL 1230604, at *1 (N.D. Cal. Mar. 14, 2014); *see also Otey v. CrowdFlower, Inc.*, 2014 WL 1477630, at *3 n.5 (N.D. Cal. Apr. 15, 2014) (collecting cases applying *Lynn's Food Stores*).

"The Ninth Circuit has not established the criteria that a district court must consider in determining whether an FLSA settlement warrants approval." *Otey v. CrowdFlower, Inc.*, 2015 WL 6091741, at *4 (N.D. Cal. Oct. 16, 2015). For that reason, courts in this circuit apply the Eleventh Circuit's widely-followed standard set forth in *Lynn's Food Stores* and consider whether the proposed settlement constitutes "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id*. (quoting 679 F.2d at 1355). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues . . . that are actually in dispute," the district court may approve the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

**A.  Approval of the FLSA Settlement**

Before approving the FLSA settlement here, the Court must find that: (1) the case involves a bona fide dispute; and (2) the proposed settlement agreement is fair and reasonable. *Lynn's Food Stores*, 679 F.2d at 1355. The Court addresses each issue in turn.

1. <u>There is a bona fide dispute</u>

"A bona fide dispute exists when there are legitimate questions about the existence and extent of the defendant's FLSA liability." *Gonzalez v. Fallanghina, LLC*, 2017 WL 1374582, at *2 (N.D. Cal. Apr. 17, 2017). That is, there must be some doubt whether the plaintiffs will be able to succeed on the merits of their FLSA claims. *See Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016) (quoting *Collins v. Sanderson Farms*, 568 F. Supp. 2d 714, 719-20 (E.D. La. 2008)).

Here, the Court finds that there is a bona fide dispute present. The Parties have litigated this case for almost two years. Defendants have defended their position through filing their Motion to Dismiss, Opposition to Plaintiff's Motion for Conditional Certification, and lengthy settlement negotiations. (Dkt. Nos. 11, 12, 41.) The Court finds a bona fide dispute under the FLSA.

2. <u>The resolution is fair and reasonable</u>

To determine whether the settlement is fair and reasonable, the Court looks to the "totality of the circumstances" and the "purposes of [the] FLSA." *Selk*, 159 F. Supp. 3d at 1173. In making this determination, courts consider the following factors: (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of

1  participating plaintiffs; and (6) the possibility of fraud or collusion. *See, e.g.*, *id.*; *Jennings*, 2018

2  WL 4773057, at *4.

3        First, under the proposed settlement agreement, Plaintiff would recover 70% of the total

4  potential recovery as calculated by Plaintiff's Counsel.  (Dkt. No. 55 at 4.)  Having reviewed the

5  proposed agreement, the Court is satisfied that it provides for FLSA recovery within the range

6  that Courts have found to be reasonable.  *See Jones v. Agilysys, Inc.*, 2014 WL 2090034, at *2

7  (N.D. Cal. May 19, 2014) (approving an FLSA settlement that constituted "between 30% to 60%

8  of recoverable damages, and affords the putative class members a tangible monetary

9  benefit"); *Lee v. The Timberland Co.*, 2008 WL 2492295, at *2 (N.D. Cal. June 19, 2008)

10 (finding that an FLSA settlement of 70% of plaintiffs' maximum recovery "reflects a reasonable

11 compromise" where there were numerous disputed legal issues).

12       As to the second and third factors, the parties have spent a great deal of time and

13 resources working towards the proposed settlement agreement, including exchanging data and

14 settlement correspondence, and engaging an experienced mediator to come to the agreement.

15 (Dkt. No. 55 at 2-3.)  The parties are also aware that if they continue without this agreement,

16 both parties face substantial risks associated with litigating these complex issues before a jury.

17 (*Id*. at 3-4.)

18       As to the fourth factor, courts in this district have rejected blanket releases of all potential

19 claims against the employer for all unlawful acts whatsoever.  *See, e.g., McKeen-Chaplin v.*

20 *Franklin Am. Mortg. Co.*, 2012 WL 6629608, at *5 (N.D. Cal. Dec. 19, 2012).  However, when a

21 district court in the Ninth Circuit approves an FLSA collective action settlement, it may approve

22 a release of any claims sufficiently related to the current litigation.  *See Selk*, 159 F. Supp. 3d at

23

24

ORDER ON JOINT MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT - 4

1178–79; *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287-89 (9th Cir. 1992)).

      Here, the release language contained in the proposed settlement agreement is broadly written to encompass all claims that could have been asserted in the litigation, "including all wage and hour claims, that were or could have been asserted in the Action," those claims that may arise "under many different laws" including Federal and State wage laws, anti-retaliation laws, and other laws," and those claims based on facts that may later be discovered. (Dkt. No. 57 at 4-6.) Though broadly written, the proposed release language appears focused on the facts and claims asserted in the "Action." Arguably, therefore, the release language is not so broad to include claims that are not related to the facts alleged. Accordingly, this fourth factor weighs in favor of approval of the proposed settlement.

      The fifth factor also supports approval of the proposed settlement as counsel for both parties have endorsed the agreement. (Dkt. No. 55 at 5-6.) Presumably counsel are aware of the strengths and weaknesses of the claims and knowing those strengths and weaknesses have determined compromise was appropriate. Finally, the Court finds no signs of fraud or collusion. The likelihood of fraud or collusion is low here because the Settlement was reached through arm's-length negotiations, facilitated by an impartial mediator. *City P'ship Co. v. Atl. Acquisition Ltd. P'shp.*, 100 F.3d 1041, 1043 (1st Cir. 1996) ("When sufficient discovery has been provided and the parties have bargained at arms-length, there is a presumption in favor of the settlement."). There is nothing on the face of the record that shows that Plaintiff's counsel "allowed pursuit of their own self-interests and that of certain class members to infect the negotiation." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) (citations omitted).

1  In sum, the Court finds the instant FLSA settlement to be "a fair and reasonable resolution of a bona fide dispute" that warrants approval. *Lynn's Food Stores*, 679 F.2d at 1355.

### B. Attorney's Fees and Litigation Costs

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Selk*, 159 F. Supp. 3d at 1180; *see also* 29 U.S.C. § 216(b) (providing that, in a FLSA action, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"). Where the recovery is separate from a common fund, the lodestar method is usually employed. *See In re Bluetooth*, 654 F.3d at 942. Under the lodestar method, courts multiply "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citations omitted). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citations omitted).

Here, Plaintiff seeks an amount in attorney's fees that is significantly less than the amount that would be awarded under the lodestar method. Plaintiff's Counsel's current combined lodestar is estimated to be $275,675.00. (Dkt. No. 55 at 7.) The Court has reviewed the hourly rates that went into the calculation of Plaintiff's Counsel's lodestar, (Dkt. No. 56 at 5-8) and the Court finds that they are in line with the prevailing market rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (finding that typically, "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing

market rate."). The Court has also reviewed the hours billed by Plaintiff's Counsel to be reasonable. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Overall, the Court finds that after review of Plaintiff's Counsel's lodestar, the prevailing rates in the market, and the hours billed by Plaintiff's Counsel, the Court finds that the requested attorney's fees are reasonable.

### C. Dismissal of Putative Class Action

Federal Rule of Civil Procedure 23(e) requires courts to approve the proposed voluntary dismissal of Rule 23 class claims. The Ninth Circuit has held that Rule 23(e) also applies to pre-certification classes. *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). Further, "[c]ourts generally apply the same [Rule 23(e)] standard to FLSA collective action settlements." *Campanelli v. Image First Healthcare Laundry Specialists, Inc.*, 2019 WL 1925494, at *2 (N.D. Cal. Apr. 30, 2019) (citations and quotations omitted); *Gonzalez*, 2017 WL 1374582, at *4 (collecting cases). In *Diaz*, the Ninth Circuit enumerated three factors for courts to consider when determining whether dismissal of class claims will prejudice putative class members: "(1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz*, 876 F.2d at 1408; *Campanelli*, 2019 WL 1925494, at *2 (applying *Diaz* to dismissal of putative FLSA collective claims).

Here, the parties agree to the dismissal of the class claims without prejudice. After considering the *Diaz* factors and other possible sources of prejudice, the court finds that dismissal of this action will not prejudice the putative FLSA collective.

ORDER ON JOINT MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT - 7

# IV. CONCLUSION

Accordingly, and having considered the parties' motion and the remainder of the record, the Court finds and ORDERS that Joint Motion for Final Approval of the Settlement Agreement (Dkt. No. 55) is GRANTED.

1. Plaintiff's claims are DISMISSED WITH PREJUDICE.
2. Any potential collective or class member as defined in Plaintiff's Amended Complaint (Dkt. No. 37) is DISMISSED WITHOUT PREJUDICE.
3. The Court shall retain jurisdiction over this case for the limited purpose of enforcing the terms of the parties' settlement agreement.
4. The Clerk is DIRECTED to close this case.

Dated this 2nd day of May 2022.

David G. Estudillo
United States District Judge